## ROCHON v. LECATT.

1. A plaintiff claiming as tenant by the curtesy, may recover posses-sion of the premises, in the ordinary form of an action of trespass to try titles

2. A previous possession with claim of title, though for less than twen-ty years, with a descent cast, or devise, is sufficient *prima facie* evi-dence of title in the wife, to sustain the claim of the husband to cur-tesy; and is sufficient to recover in ejectment against a mere tres-passer.

THIS was a case of trespass to try titles, brought to re-cover a lot in Mobile on the same title as in the last case; and was tried at the same time. The pleadings were in the usual form. Lecatt recovered in the Court below, possession of the lot, and $612 damages; and Nannette Rochon, the defendant, appealed, and assigned for error the decision of the Court below, as shewn by her bill of exceptions, as follows:

The plaintiff, Lecatt, give in evidence the will of Tho-mas Surtill, dated the 24th September, 1812, in which he enumerated the lands and lots he claimed as his proper-ty, and devised all his estate, real and personal, to his two children and wife, A in Surtill; who subsequently intermarried with the plaintiff, and under whom the plain-tiff claims as tenant by the curtesy. He proved that Thomas Surtill had been several years in possession of the premises claimed, and that he died in possession thereof, and that said Ann, after her intermarriage with him, was in possession, and that the two children above mentioned died in her lifetime, in this country, and that there were no blood relations to said Ann, known. He also proved the death of the said Ann, and issue by her during his coverture with her, and that the defendant was in possession thereof at the time of the institution of the suit. He offered no other paper title but the said will. The defendant relied on her possession only. On this evidence, the defendant prayed the Court to instruct the jury, that the plaintiff had not proved and made out such an estate in his wife as would constitute him tenant by the curtesy; which the Court declined, and charge the jury, that if they found the facts to be as given in evi-

JULY 1828.

Rochon
v.
Lecatt.

*a* See arguments
in the preceding
case.

dence, that the plaintiff had made out such a title as cre-
ated him tenant by the curtesy; and that they should find
for the plaintiff.

ACRE, for the appellant. [a] The question, what length
of possession unaccompanied by title, will justify a reco-
very in ejectment, does not arise in this case. The law
governing ejectment does not apply; ejectment may be
supported on a mere tenancy for years. The only ques-
tion to determine is, what estate the wife must have in
the premises, out of which a tenancy by the curtesy can be
carved? and whether the wife of Lecatt had that estate?

It will be insisted that Surtill, under whom the claim
is derived, having had no paper title, could have had no
higher estate than his *several* years possession would
give him; and could have transmitted no other to his de-
visee; and that if the possession proven does not amount
to a fee simple, or fee tail estate, a tenancy by the curtesy
could not be formed out of it, and consequently the plain-
tiff should not have recovered.

The plaintiff, Lecatt, did not make out proof of the
principal facts necessary to constitute a tenancy by the
curtesy, that is: 1st. A seizin in his wife, of a fee simple,
or fee tail estate in the premises, at any time during his
coverture with her. 2nd. That he himself was a citizen
of the United States, so as to enable him to take as ten-
ant by the curtesy. [b] The Supreme Court of the United
States have determined, that a foreigner cannot inherit or
take lands by operation of law; therefore, one who claims
a tenancy by the curtesy, must shew he is a citizen, and
that he is capable to acquire such a right.

*b* Cruise's Digest
106, § 6. Coke
on Lit 29. a.
Cruise 106, § 8,
107, § 10, 111,
§ 19 and 22, 112,
§ 24 and 27, 121,
§ 23. Blk Com.
127. Coke's In.
296,title Curtesy
Roper on prop.
27.

The judgement should be reversed also, because, the
appropriate remedy has not been pursued. The law of
ejectment does not apply, and the action of trespass to
try titles is therefore not the proper action. In Fitzher-
bert's Natura Brevium, [c] the form of the writ allowed by
law to the claimant of a tenant by the curtesy is given,
and in Paine's case, [d] the mode of pleading peculiar to
such cases, and the necessity of proving certain facts on
the proof of which the right depends, is shewn, and the
form of a declaration is given; the translation of which is
as follows: " For that the aforesaid A. G. was seized of
the aforesaid tenement in her demesne as of *fee*, and be-
ing thus seized, took J. W. to husband, whereby the
said J. and A. became seized of the aforesaid tenement,
with the appurtenances in their demesne, as of fee in

*c* Page 365.

*d* 4 Coke, 69.

JULY 1828.

Rochon
v.
Lecatt?

right of the said A. and they being so seized, had issue between them, and afterwards the aforesaid A. wife of the aforesaid J. died, and the same J. survived her, and kept himself in the aforesaid tenement, and was thereof seized in his demesne as of free tenement, holding it by the law of England."

In this form of pleading, all the allegations are made, the proof of which gives the right. If the allegations are not made, the proof of them cannot be received; for the *allegata* and *probata* must correspond. In the case before us, the pleadings contain no allegation whatever of the facts to be proved, and therefore is unprecedented. This Court does not sit to form precedents, but to follow those already formed. It is contrary to the principles of the action of trespass to try titles, that a recovery should be had in a suit by the claimant of curtesy. In that action, the subsisting legal title alone prevails, and no other. It is emphatically an action to try titles. The claimant of curtesy has no *title*, until by proof of facts in *pais*, he creates it, and makes those facts a matter of record. The writ which the law has given him to effect that object, is that of *quod ei deforceat*, as stated in Fitzherbert. This writ affords him an ample remedy, without, by the judgement he expects, jeopardizing the right of others. In it he alleges all the facts on which his right depends, and on proof of them, obtains by his judgement his whole right, but nothing more. Ejectment will not lie for dower until the right is established by the facts necessary to its existence in the appropriate action, because the law casts the freehold on the heir immediately on the death of the ancestor; [a] for the tenant has no estate until assignment. By analogy and parity of reasoning the same rule applies to the claimant of curtesy.

SALLE and KELLY, for the defendant in error. [b]

## By THE COURT.

THE judgement was affirmed. The opinions delivered in the preceding case apply to this; the two causes having been tried at the same time, and being on the same title.

JUDGE CRENSHAW dissenting.

The CHIEF JUSTICE not sitting.

[a] 1 Cruise 159. 30 John. 411.

[b] See arguments in the preceding case.