# BRANCH BANK AT MOBILE v. RUTLEDGE AND WATTS.

1. If a defendant in chancery, omits to move the chancellor, to dismiss the bill for not having been filed in the proper county, he cannot assign it for error in this court.

Error to the Chancery Court for the 20th District. Before the Hon. J. B. Clarke.

THE bill was filed by defendants in error, perpetually to enjoin a judgment against them in favor of the bank, rendered in the circuit court of Mobile county. The bank, after due service of subpœna upon the president, failed to make defence, whereupon a decree *pro confesso* was rendered against it, and finally, a decree was pronounced, granting the relief sought for by complainants.

DAVIS, for plaintiff in error, relied on the case in 8 Ala. R. 224, to show the want of jurisdiction.

CHILTON, J.—The case referred to by the counsel for the plaintiff in error, and several other decisions of this court, are conclusive to show that a bill to enjoin a judgment should be filed in a court of chancery where the judgment was obtained, and cannot be exhibited elsewhere, unless the party interested in the judgment will allow the litigation to be had in another county, and if such bill be filed in an improper county, it will be dismissed *on defendants' motion.*

In this case, however, the defendant to the bill made no motion to dismiss, and permitted the court to proceed without any objection. The bank must be considered as having waived the objection which it now for the first time makes. The chancery court had jurisdiction of the subject matter of the complaint, but merely exercised it in the wrong county. This was a matter which the court was not bound *mero motu* to notice, and which the defendant below could waive, and did waive by failing to raise the objection in that court. See Freeman v. McBroom, 11 Ala. R. 943.

Let the decree be affirmed.