| 23 | 777 |
|----|-----|
| 94 | 505 |

## HOLSTON vs. HOLSTON.

1.  A bill for a divorce on the ground of adultery must allege the name of the person with whom the adultery was committed, or the fact that it is unknown to complainant; but if the defendant answers the bill, without raising any objection on account of the want of such an allegation, he will be held to have waived it.

2.  A divorce *a vinculo matrimonii* was granted to the wife, on the ground of abandonment and adultery on the part of her husband, when the evidence showed that she had separated from him before the consummation of their nuptials, because she had just reasons to apprehend that he had another wife then living; that he consented to the separation at the time, and promised to produce sufficient evidence to remove her suspicions; that

he entirely failed to produce such evidence, and showed no exertions to obtain it; and that he led a vagabond, roaming life, and committed adultery with different women, with one of whom he lived four months.

ERROR to the Chancery Court of Barbour.

Heard before the Hon. J. W. LESESNE.

THIS bill was filed by the defendant in error, Nancy Jane Holston, by her next friend, for a divorce *a vinculo matrimonii* from her husband, who is the plaintiff in error, on the alleged grounds of voluntary abandonment for three years and abandonment and living in adultery with another woman. The defendant answered, denying the allegations of the bill, alleging that the complainant had voluntarily abandoned him for three years, and praying that his answer may be taken as a cross bill, and that a divorce *a vinculo* may be rendered in his favor. The opinion states such portions of the evidence as are material to the understanding of the case. The Chancellor decreed a divorce in favor of complainant, and his decree is here assigned for error.

WILLIAMS & COCKE, for plaintiff in error:

1. The proof is entirely insufficient to show an abandonment of the defendant by the plaintiff in error for three years next before the filing of the bill. Giving all the evidence adduced by her its utmost weight, it can not be allowed to go farther than to establish the fact of a living apart by mutual consent; and this is not sufficient to authorize a divorce.—Jones v. Jones, 13 Ala. 145; Gray v. Gray, 15 Ala. 779. Declarations, &c., are not evidence.

2. As to the ground of adultery, &c. The allegations of the bill, in failing to state the time, place and person, are insufficient to warrant the decree, conceding the fact to be made out by the proof.—2 Paige 108; 1 Barb. 318; 3 Edw.; 4 Porter 467.— But if it were otherwise, the proof is insufficient. Excluding the illegal and inadmissible evidence, in accordance with the decision in Richardson v. Richardson, 4 Por. 467, the allegations are not sustained by evidence.

J. BUFORD, *contra*, contended that complainant had reasonable grounds for apprehending that her marriage was void, and

Holston v. Holston.

was justifiable in acting upon those apprehensions and temporarily separating from her husband; and that this did not estop her from seeking relief against his subsequent abandonment and adultery. He cited Levett's case, 1 East's C. L. 274; 2 *ib.* 16; Houlston v. Smyth, 11 E. C. L. R. 65, 66; 4 Por. 467.

GOLDTHWAITE, J.—The bill in the present case seeks the dissolution of the marital ties on two grounds: first, that the defendant has abandoned the complainant with the intention of abandonment for the term of three years; and, second, that he has abandoned the complainant and lived in adultery with another woman.

In relation to the second ground the. bill is unquestionably defective, in not alleging the charge with a sufficient degree of certainty. All the authorities agree, that in making an allegation of this nature, the name of the woman should be given, or an excuse rendered for not doing so by the averment that the name is unknown.—Germond v. Germond, 2 Johns. Ch. Rep. 347; Burn v. Burn, 2 Paige 448; Kane v. Kane, 3 Edw. 389. Had the objection been made, it must have been sustained; but it was not taken, and is made for the first time in this court.— The case of Hill v. Hill, 10 Ala. 527, is decisive of the principle so far as this question is concerned, and under the influence of that decision, we must hold that, by answering the bill and failing to raise the objection below, it has been waived.

The case, then, is one which depends entirely upon the evidence; and while there may be some doubt, as to whether the bill can be sustained upon the first ground, we think the second is sufficiently made out.

There are certainly some decisions to be found, which countenance the idea that the separation of the wife, without just cause, would bar her right to a sentence of divorce for the adultery of the husband.—Wood v. Wood, 5 Ired. 674. But this is not the doctrine of the English courts, (Sullivan v. Sullivan, 2 Add. 299,) nor has it, in any case that has been brought to our notice, received the sanction of this tribunal. It is, however, wholly unnecessary to discuss this question, as we are of the opinion that the separation of the wife, under the circumstances, was perfectly proper. The evidence discloses that, from the reports in circulation, and from a letter written to the

brother of the defendant, she had just apprehension to believe that at the time of her marriage to him he was the husband of another woman. The mere statement of these facts is sufficient, and we will not pause to show that, under such circumstances, the separation of the wife was proper and commendable. The defendant himself consented to a separation with this view, and at a subsequent day apparently saw the propriety of continuing it, until these doubts were cleaned up, and not only consented to it himself, but promised to produce the proofs which would be sufficient to remove these suspicions from her mind. There is no evidence in the record, which shows that he ever adduced these proofs—none that he made the slightest exertion to obtain them; and from his conduct, as detailed by several of the witnesses who were examined, we can come to no other conclusion than that he became totally indifferent whether the suspicion was removed or not. The evidence goes further, and shows clearly that, after making this promise, which he failed to fulfil, he led a vagabond, roaming life, committing adultery at various times with different women. This may not be sufficient to sustain the allegations of the bill, but it shows at least how lightly he was disposed to regard the marriage relation, and prepares the mind to be convinced with a much smaller degree of testimony than it might otherwise require. One of the witnesses swears that he kept one woman for four months. The permanent and continuous intercourse with the female referred to, satisfied the requisitions of the statute in relation to the living in adultery, and the abandonment was sufficiently shown by the failure on the part of the defendant to use any exertions to remove the suspicions which first induced the separation on the part of the complainant, united with gross and repeated violations of the marriage obligation as shown by the evidence. No man could have pursued this course, who was not utterly indifferent to the obligations of the relation which he had contracted and entirely willing to be discharged from them. There may not have been an intention to abandon when the separation first took place, and for that reason we do not think the first ground sufficiently established; but that it subsequently existed in his mind, we cannot doubt.

The decree of the Chancellor is affirmed, with costs, against the plaintiff in error.