# Ellison *et als. v.* Mayor, &c., of Mobile.

### *Real Action in Nature of Ejectment.*

1. *Ejectment; what will defeat recovery in.*—In ejectment, a defendant in possession, and not estopped because of some act done by him, or some relation existing between him and the plaintiff, may show an outstanding title in a stranger to defeat a recovery.

2. *Married woman; how only could convey lands in* 1814.—The territorial statute of 1803 (Clay's Dig. 155, ₰ 27) was the only law in force in the year 1814, which authorized a *femme covert* to pass her real estate, lying in this State, in any other mode than that recognized by the common law.

[Ellison *v.* Mayor of Mobile.]

3. *Same.*—A deed to land made by a *femme covert* in 1814, in which the husband did not join, not acknowledged on privy examination apart from the husband, and duly certified, as required by that statute,—will not divest her title, although she had obtained a divorce a *mensa et thoro* from the husband; such divorce did not dissolve the bonds of matrimony, or enlarge the capacity of the *femme covert* to convey.

APPEAL from Circuit Court of Mobile.
Tried before Hon. JOHN ELLIOTT.
The opinion states the case.

D. C. ANDERSON, R. H. & R. J. SMITH, for appellant.

T. A. HAMILTON, BOYLES & OVERALL, and J. T. TAYLOR, *contra.*

BRICKELL, C. J.—This was an action to recover possession of a lot of land, situate in the city of Mobile, commenced by the appellants, against the tenant in possession of the appellees. On their motion, the appellees were made defendants, and a trial was had on a plea of not guilty. The appellants derived title under an act of the General Assembly, approved February 14th, 1860, entitled, "An act for the relief of the children of John Stewart and Rose Stewart," entitling them to take by devise or descent from Christopher S. Stewart, and his wife, Matilda Stewart, as if they or the plaintiffs had not been aliens, and relinquishing and granting to them all the right of escheat which had vested in the State. Pamph. Acts 1859–60, p. 660. While the city of Mobile was under the dominion of Spain, the Spanish authorities had granted to one Mariah Asque permission to settle upon and occupy the premises in controversy. In 1810, she conveyed to Anne Surtell, who, in 1813, married Littleton Lecatt, from whom she was divorced, a *mensa et thoro*, in 1814. Subsequently, and in 1814, she conveyed the premises to Christopher S. Stewart, who entered into possession, and continued therein until his death in 1819. In 1818, Mrs. Lecatt executed another conveyance to Christopher S. Stewart. In neither of these conveyances did her husband join, nor was the execution of either acknowledged on a privy examination, apart from her husband, and certified thereon. In May, 1822, the Congress of the United States confirmed the title of Mrs. Lecatt to the premises, and she died in 1824, her husband surviving her. After the death of Christopher S., his brother John entered into possession, and remained in possession until his death in 1825. After his death, the premises were in possession of his family, or

[Ellison v. Mayor of Mobile.]

of his son Charles A. Stewart, until 1833. In 1831, Little-ton Lecatt, the surviving husband of Anne, made a convey-ance of the premises to Charles A., who, in 1833, conveyed to Colin C. McRae. From McRae the appellees derive ti-tle, by a regular chain of conveyances; and possession ac-companied these conveyances, open and notorious, until the commencement of this suit in 1867. These are the material facts, in the view we take of the case.

The principle is too well settled to be controverted, that a plaintiff in ejectment, or in our statutory action for the re-covery of lands, or their possession, must recover on the strength of his own title, and not on the weakness of that of his adversary. 2 Greenl. Ev. § 331. " Possession is always *prima facie* evidence of title ; and the party cannot be de-prived of his possession by any but the rightful owner, who has the *jus possessionis.* The defendant, therefore, need not show any title in himself, until the plaintiff has shown some right to disturb his possession." The defendant, not being estopped because of some act done by him, or some relation existing between him and the plaintiff, to defeat a recovery, may insist on an outstanding title in a stranger. *King* v. *Stevens,* 18 Ala. 476 ; *Hallett* v. *Eslava,* 2 Stew. 118.

The right of the plaintiff in the court below to a recovery was wholly dependent on the proposition, that Anne Lecatt had the legal title to the premises, which passed by her con-veyances to Christopher S. Stewart, and that this, by reason of his alienage, had escheated to the State ; and that they, under the act of the General Assembly, have succeeded to the title of the State. The first inquiry is, therefore, whether the conveyances of Mrs. Lecatt passed to Christo-pher S. her title, assuming she was clothed with the legal title. At common law, the conveyance of a *femme covert,* except by some matter of record, was absolutely void. Her freehold estate could be passed only by a fine ; and this, and a common recovery, were only ways in which she could con-vey her estate. 2 Kent. 151. Though the estate was lim-ited to her sole and separate use, without expressing more, she had not capacity to dispose of it, except by fine and re-covery. 2 Bright. Hus. and Wife, 224. When Mrs. Lecatt made the conveyance to Christopher S. the territorial stat-ute of 1802 was of force, and was the only authority of a *femme covert* to pass real estate, in any other mode than that recognized by the common law. Its language is clear and emphatic, and, as was said in *Waddell* v. *Weaver,* 42 Ala. 294, it is impossible to evade or construe it away. Under its provisions, " no estate of a *femme covert,* in any lands,

[Mayor of Mobile *v.* Moog.]

tenements, or hereditaments, lying and being in this State, shall pass by her deed or conveyance, without previous acknowledgement, made by her on a privy examination apart from her husband, before one of the superior judges, or a judge of the county court, that she signed, sealed, and delivered the same freely, without any fear, threats, or compulsion of her husband, and a certificate thereof, written on or under the said deed or conveyance, and signed by the officer before whom it was made." Clay's Dig. 155, § 27. The conveyances of Mrs. Lecatt were not acknowledged and certified in accordance with the provisions of this statute. There was no privy examination, and no acknowledgment that the execution was free, without fear, threats, or compulsion of her husband. As a conveyance, it is, of consequence, void, not passing the legal title, if she was clothed with it. *Waddell* v. *Weaver, supra; Doe ex dem; Hughes* v. *Wilkinson,* 21 Ala. 296; *George* v. *Goldsby,* 23 Ala. 326. The divorce *a mensa et thoro* only authorized her to live separate from the husband. It did not remove the *vinculum* of the marriage, or enlarge her capacity to convey real estate. Bish. on Mar. and Divorce, § 676, et seq; *Smoot* v. *Lecatt,* 1 Stew. 590; *Rochon* v. *Lecatt, Ib.* 609, 2 Stew. 429. The right of recovery being dependent on evidence of the fact that Mrs. Lecatt had the legal title, and that it passed by these conveyances, it results there was no error in the charge of the court, and the judgment must be affirmed.

MANNING, J., not sitting, having been counsel in the case.