# Farley *v.* Farley.

94  501
119  640

*Bill in Equity by Wife, for Divorce and Alimony.*

1. *Allegation of marriage.*—In a bill for divorce by the wife, an allegation that, on a named day, "she was lawfully and legally married to said defendant," is a sufficient averment of the marriage, though followed by the statement of facts showing that her consent was procured by fraud and deception, for which she might have repudiated the marriage.

2. *Marriage without license, and by unauthorized person.*—A marriage

[Farley v. Farley.]

without license from the probate judge, and solemnized by a person without authority (Code, §§ 2311, 2314), if followed by cohabitation, is valid. This is the rule declared in *Beggs v. State,* 55 Ala. 108, and the court adheres to it on principles of publ'c policy.

3. *Marriage procured by fraud and deception.*—When a woman is induced by fraud and deception to consent to a marriage ceremony, believing that she is contracting a valid marriage, and this is followed by cohabitation, she may repudiate the marriage on discovery of the fraud; but, if she elects to ratify it, the husband can not attack its validity in defense of a suit for divorce and alimony.

4. *Allegation of adultery.*—In a bill for divorce by the wife, an allegation that the defendant "has been guilty of adultery with divers parties and persons, whose names are unknown to your oratrix," is sufficiently certain and definite.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 18th September, 1890, by Mrs. Daisy Farley, as the wife of Hoxie C. Farley, and sought a divorce from her said husband, on the ground of abandonment and adultery, and also alimony. The bill alleged that the marriage was celebrated on the 6th May, 1890, and that the complainant "is over the age of eighteen years;" and further, that a fraud was practiced on her in the performance of the marriage ceremony by a person who had no authority to perform it, and without a license from the judge of probate, though she was told that one had been procured. There was a demurrer to the bill, assigning various grounds of demurrer; and the decree overruling the demurrer is here assigned as error.

WATTS & SON, for appellant.

CHAS. WILKINSON, *contra,* cited *Holston v. Holston,* 23 Ala. 777; *Beggs v. State,* 55 Ala. 108; *Murphy v. State,* 6 Ala. 774.

PER CURIAM.—Appellee seeks by the bill the dissolution of the bonds of matrimony, on the ground that defendant has abandoned her, and has committed adultery with divers other women. The appeal, being taken from a decree overruling a motion to dismiss the bill for want of equity, and a demurrer thereto, involves only the sufficiency of its allegations. The bill alleges that the parties were of the age of consent. The averment as to the marriage is, "that heretofore, to-wit., on the 6th day of May, 1890, your oratrix, Daisy Farley, whose maiden name was Daisy Flexnor, was lawfully and legally married unto Hoxie C. Farley, the defendant to this your oratrix's bill of complaint." This is a sufficient averment of the marriage.—2 Bish. Mar. & Div., § 332. Defendant in-

sists, however, that this general averment is limited and modified by subsequent allegations of fact, which show there was never a legal marriage between complainant and defendant. The allegations referred to are, that defendant, having taken advantage of the innocence and inexperience of complainant, did not in fact have the marriage ceremony performed by an authorized minister, but substituted therefor a person unknown to her, who, she subsequently discovered, was not a minister; that defendant and such person represented to complainant that he was a regularly ordained minister of the Gospel, well known in the city of Montgomery; also, that they had procured from the judge of probate of Montgomery county a license for the marriage of complainant and defendant, and that by these representations, which were untrue, they imposed upon her credulity, and she married defendant for her great love towards him. The bill also avers that complainant and defendant associated together and cohabited as husband and wife.

Whether, under our statutes, a legal marriage can be had without license, and without solemnization, was left an open and unsettled question in *Robertson v. State*, 42 Ala. 510. But, in the subsequent case of *Beggs v. State*, 55 Ala. 108, it was held, that a marriage without license from the judge of probate, and without solemnization by any person authorized by statute to solemnize it—merely by the consent of the parties—followed by cohabitation, is valid. The statutes having been since re-enacted, without material change in phraseology, and as marriages may have been contracted on the faith of the decision, and the legitimacy of children depend on maintaining the rule therein declared, whatever may be our individual opinion as to the legality of such marriages under our statutes, we do not feel at liberty to depart from the doctrine in *Beggs v. State;* if deemed impolitic and unwise, the legislature must furnish the remedy.

It may be reasonably inferred from the averments of the bill, being taken as true, that complainant, at least, did not mean and intend to enter into the relation of husband and wife, unless there was a formal solemnization of the marriage. As a general proposition, when the nuptials are delayed with an understanding of the parties that they are not to become husband and wife until a formal ceremony takes place, marriage is not constituted by copulation without such solemnization; for, in such case, consent to become husband and wife presently, indispensable to a valid marriage, does not exist. *Peck v. Peck*, 12 R. I. 485; 1 Bish. Mar. & Div., § 262. This, however, is not the question here presented. Complainant

[Farley v. Farley.]

consented, in fact became the wife of defendant, though beguiled into the assumption, at that time, of the *status* of marriage, by misrepresentations of the legality and binding effect of the formal ceremony. The precise question is, when there is an executory agreement to marry, with the understanding that the parties were not to become husband and wife without formal solemnization, what is the effect of an intervening ceremony, without license, performed by a person unauthorized, imposed on complainant by false pretenses and representations, but believed by her to be lawful and *bona fide?* A marriage procured by deception and fraud, except, it may be, of certain kinds and magnitude, is not absolutely void, but only voidable, and valid for all civil purposes unless and until avoided by the deceived party. The party imposed upon may disaffirm or ratify the contract of marriage after discovery of the fraud; and, it has been held, that voluntary cohabitation thereafter as husband and wife is a ratification. As under the rule declared in *Beggs v. State, supra*, a valid marriage may be constituted without license and solemnization, merely by the consent of the parties, certainly complainant may ratify her consent to, an immediate marriage, procured by false representations, and thus, by relation, render the marriage good *ab initio*. The contract, however, can be avoided only by the party defrauded. Says Mr. Bishop: "The doctrine seems to require no qualification, that a voidable marriage is, until the act or sentence transpires which renders it void, as good for every purpose as if it contained no infirmity."—1 Bishop's Mar. & Div., § 116. If, in answer to the usual questions, though propounded by a person not authorized to solemnize the marriage, both parties consented to a union, defendant is estopped from asserting that the consent was not mutual, or that he did not consent; he will not be permitted to take advantage of his own wrong and fraud to escape the duties and responsibilities of the marital relation. "The party who commits a fraud is bound, and remains bound until the party deceived has made his or her election, and will thereafter be bound, or not, according to the election made."— *Tomppert v. Tomppert*, 13 Bush, 326; *Hampstead v. Plaistow*, 49 N. H. 84; *State v. Murphy*, 6 Ala. 765. The allegations of the bill, fairly construed, show that complainant elected to treat and recognize the marriage as valid.

The averment as to the charge of adultery is, "that said defendant has been guilty of adultery with divers parties and persons, whose names are unknown to your oratrix." The

[Weedon & Dent v. Clark.]

charge is averred with a sufficient degree of certainty.—*Holston v. Holston*, 23 Ala. 777.

Affirmed.

The opinion in this case was prepared by the late Judge CLOPTON, and was adopted by the court after his death.