(96 South. 881)

**BASDEN v. BASDEN.** (8 Div. 518.)

(Supreme Court of Alabama. May 17, 1923. Rehearing Denied June 14, 1923.)

**1. Divorce ⬉312 — No presumption indulged in favor of decree disposing of custody of children.**

In an appeal in a divorce action, where the record does not disclose that the chancellor, in awarding custody of children, had the advantage of observing the appearance and bearing of the parties and their parents and a private interview with the children, no presumption can be indulged in favor of his decree as to custody of the children.

**2. Divorce ⬉298(1)—Welfare of children primary consideration in awarding custody.**

In a controversy as to the custody of infants of tender years, the primary consideration is the best interest of the children and provision for custody will be made as their welfare may dictate, without reference to the wishes of the parties or their ordinary parental rights, and the need of the father, by reason of his

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

crippled condition, for their help and assistance, is not ground for awarding to him their custody.

**3. Divorce ⬅️301—Evidence held to require awarding of custody of children to mother.**

Evidence in divorce action *held* to require a finding that the welfare of infants of tender age would best be served by awarding their custody to the mother.

Appeal from Circuit Court, Colbert County; Chas. P. Almon, Judge.

Bill by Edith P. Basden against Will Basden. From the decree, complainant appeals. Affirmed in part; reversed and rendered in part.

Travis Williams, of Russellville, for appellant.

Counsel discusses the evidence, without citing authorities.

A. H. Carmichael, of Tuscumbia, for appellee.

Brief of counsel is confined to a discussion of the facts.

SAYRE, J. The wife in this case filed her bill for divorce, charging that defendant had committed actual violence on her person, attended with danger to life or health, or that from his conduct she had reason to apprehend such violence. Code, § 3795. Incidentally she asks for the custody of her two children, and a division, or a sale for division, of the property accumulated by the joint efforts of the parties.

In agreement with the chancellor, we are not able to find in the record sufficient reason for a decree of divorce on the grounds laid out by the statute supra.

[1] The question as to the disposition of the children, a boy and a girl now about 8 and 10 years of age, respectively, presents a far more difficult problem, and we may as well confess that on the dry record we could feel no very great degree of confidence in a decree which would commit them irrevocably to either party. A view of the parties and their parents—we say parents, because in any event the care of these children will devolve in large measure upon the aged mother of defendant or the mother and father of complainant, this for the reason that defendant is a hopeless cripple, having lost both his legs, while complainant is under the necessity of earning her own living—so we say, the appearance and bearing of the parties and their parents and a private interview with these children, who are old enough to give a clew to the future, would probably furnish safer and more satisfactory grounds of decision. These advantages the chancellor may have had, but of this the record furnishes no indication, and on this appeal no presumption can be indulged in favor of his decree. On

the record we are inclined to think the complainant mother has the best of the argument.

Complainant is employed by the proprietor of a seed store in Sheffield, and upon some testimony, given by relatives of defendant, to the effect that her employer is inclined to the association of dissolute women, is founded the insinuation rather than the definite assertion that complainant is not a proper person to be intrusted with the custody and care of her children. On this subject we cannot undertake, within reasonable limits, to dissect and discuss the evidence. Suffice it to say that, if complainant is a lewd woman, the fact does not appear in the evidence, and the court will not base its decree on innuendo unsupported by proof. It may be noted, however, that until this suit was brought defendant thought her good enough to share his home and rear his children, for, after the bill was filed, and within a few days of the taking of the evidence, he sought to have her return to his bed and board. And the wife—quite a respectable woman to all appearances—of the man with whom defendant's insinuations connect her, testified to a degree of intimacy between the families and a warm friendship between herself and complainant. For aught appearing, therefore, we consider the case as if complainant's moral character furnished no argument against her claim to her children.

[2] It is evident that quite a number of the witnesses who gave their opinions in favor of defendant's custody of the children were under the influence of the idea that defendant in his condition needed their help rather than that they needed his. The statute, section 3808 of the Code, provides that, upon granting a divorce, "in cases of abandonment of the husband by the wife, he shall have the custody of the children after they are seven years old, if he is a suitable person to have such charge." Here there is no divorce. Undoubtedly, also, the father, as at the common law, is still the head of his family for some purposes, and upon him, ordinarily, the law devolves the duty and responsibility of providing for the maintenance and education of his children, and for this reason their custody is committed to him, and heretofore it has been considered that he is entitled to their services in preference to the mother. Winslow v. State, 92 Ala. 78, 9 South. 728. But, without assuming that modern legislation has made no change in the disabilities of the wife and mother in the respect under consideration, we note that the "decisions of this court have recognized, as remaining unimpaired by the statutes, the original jurisdiction a court of chancery exercised over infants, for their protection and benefit, extending to their removal from the custody of either parent, and transferring it to that person deemed most suitable for the real,

permanent interest of the infant." Anonymous, 55 Ala. 430; Cornelius v. Cornelius, 31 Ala. 479. In controversies as to the custody of infants of tender years, it is firmly settled that the court will consider primarily the best interest of the child, and will so provide for its custody as its welfare may indicate, without reference to the wishes of the parties or their ordinary parental rights. Brinster v. Compton, 68 Ala. 299.

[3] Attentive consideration of the evidence in the record has led us to the following conclusions, briefly stated, in respect to the facts that should influence decision as between complainant and defendant:

Defendant at his best—that is, before the accident which cost him his legs and reduced him to his present plight—was of a harsh, irritable, faultfinding, and unreasonably jealous disposition. Casual visitors in his home saw it at its best, naturally; but that it was no happy place is reasonably certain. The accident which crippled him and the drugs he took during a prolonged treatment intensified and exaggerated his temperamental infirmities to a degree beyond the fortitude of complainant to endure. About 15 months after his injury complainant sought peace elsewhere. This was a humanlike performance on her part; we need not say to what degree it may be extenuated or excused, for now the question is not one of divorce on that ground, but is concerned about the welfare of the children.

Complainant, on the other hand, was an industrious woman, a good housewife. Her neighbors speak well of her intelligence, thrift, and care for her household, and, evidently, she contributed efficiently in more than one way to the maintenance of the family. It is clear beyond question that without her material help defendant, on a wage of $70 a month, could never have accumulated the property now standing in his name. Whatever her faults—and we are far from saying she had none; she had a temperament of her own—our judgment is that she was justly entitled to more consideration than she got from her husband.

Defendant has in his household at this time his mother, 64 years of age and not very strong, his two children, and another child of kin. His income is now, and probably will always be, limited to $66.66 a month which he gets from the government of the United States by reason that he was crippled while at work for the government on the Wilson Dam.

Complainant lives with her father and mother. Her father is sexton of the city cemetery and cultivates a small farm in the neighborhood. Complainant earns $75 a month. Her parents, 54 and 52 years of age, have successfully brought up a large family and profess their entire willingness and ability to take care of the children of the parties here. Their neighbors and acquaintances speak well of them. Some of them speak in terms of highest praise. It appears in the opinion of the trial court that the decree was influenced to some extent by a finding that a brother-in-law of complainant lived in the house with her and has tuberculosis to which the children would be exposed. The evidence points to the conclusion that the presence of this brother-in-law is temporary, and, whether so or not, there is nothing to warrant a finding that he has tuberculosis.

On consideration of the facts thus found, the court, in consultation, has concluded that the welfare of the children will best be conserved by committing them to the custody of their mother, the complainant, with leave for the father to have them visit him at reasonable and proper times, and accordingly it is so ordered. It will be understood, of course, that the arrangement thus decreed may, at any time and upon proper application to the judge of the circuit, be modified to meet changed conditions.

The decree below leaves the title and use of the property accumulated by these parties with defendant. It gives complainant a lien on the family automobile for $230. There is no complaint of the decree in these respects, and it will remain undisturbed.

Each party in the trial court was taxed with the costs incurred at his or her instance. In that respect the decree is unchanged. The costs of this appeal will be taxed equally between the appellant and the appellee.

Affirmed in part; reversed and rendered in part.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.