(97 South. 141)
## BOUNEY v. BOUNEY. (I Div. 293.)

(Supreme Court of Alabama. June 28, 1923.)

Divorce ⊙═⟶93(2)—Bill alleging commission of adultery at unknown times and places held sufficient.

A bill alleging that defendant wife committed adultery with named parties at times and places unknown to plaintiff *held* sufficient.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill for divorce by Edward P. Bouney against Missouri Bouney. From a decree dismissing the bill, after demurrer sustained and refusal to plead further, complainant appeals. Reversed and remanded.

Gordon & Edington, of Mobile, for appellant.

The allegation of the complaint was sufficient, and not subject to demurrer. Farley v. Farley, 94 Ala. 501, 10 South. 646, 33 Am. St. Rep. 141; Lawrence v. Lawrence, 141 Ala. 356, 37 South. 379.

Foster K. Hale, Jr., of Mobile, for appellee.

It is necessary that the bill allege the time and place of the offense charged.

SAYRE, J. Appellant filed his bill for divorce on the ground of adultery. The trial court sustained a demurrer to appellant's bill as last amended, thus adjudging the legal insufficiency of the following averment:

"That since plaintiff's marriage with defendant plaintiff is informed, and on said information alleges, that defendant has committed adultery with one Roland Smith and with one Andrew Wilson at times and places unknown to plaintiff."

Reading the several grounds of demurrer, we conclude that in the opinion of the trial court the bill was defective for that it failed to aver with particularity the times and places of the adulteries charged, or to show that by proper inquiries such times and places could not be ascertained. It is true that generally the rules of good pleading require that the time and place of the offenses charged should be alleged with sufficient particularity to enable defendant to prepare his or her defense. 19 C. J. 109. To quote the New York Commission of Appeals:

"The courts have required those particulars to be stated where it can be done; but where the offense is alleged to have occurred with a person whose name is unknown to the plaintiff, and that fact is alleged, it has been uniformly held that the allegation is sufficiently specific, and I do not understand that any well-considered case holds it to be necessary that the particular locality or time of the commission of the offense should be stated, when there is an averment that they are unknown and that a statement of the specific time and place cannot be made." Mitchell v. Mitchell, 61 N. Y. 398.

We presume that the trial court's ruling was based upon some such text as we have quoted. But if it suffices to aver that the name of the person with whom the offense is committed is unknown—as the law of this state permits (Holston v. Holston, 23 Ala. 779; Farley v. Farley, 94 Ala. 501, 10 South. 646, 33 Am. St. Rep. 141), no reason is perceived why an averment that the time and place of the offense is unknown will not suffice, even though the name of the other party to the offense is known and averred, for circumstances may so conspire that complainant is able with reasonable assurance to aver the name, and yet be unable to aver the time or place. Wherefore we hold that complainant's bill as last amended was not subject to the demurrer, which should have been overruled.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.