(106 So. 866)

## Ex parte STATE ex rel. TISSIER.
### (2 Div. 880.)

(Supreme Court of Alabama. Nov. 19, 1925. Rehearing Denied Jan. 21, 1926.)

1. **Divorce** ⟨⟩295 — **Original jurisdiction of chancery court over infants held unimpaired by statutes pertaining to divorce a vinculo matrimonii.**

Provisions of Code 1923, §§ 7407–7426, pertaining to divorce a vinculo matrimonii, are in some respects declaratory of the common law, and original jurisdiction of chancery court over infants is unimpaired thereby.

2. **Divorce** ⟨⟩4 — **Section pertaining to alimony pending suit for divorce held not germane to sections relating to divorce from bed and board.**

In view of legislative history, Code 1923, §§ 7423, 7424, relating to divorce from bed and board as added to the divorce law, constitute a separate subject from the first part of the chapter on the bonds of matrimony, and section 7417, relative to allowance for support, is not germane to such two sections.

3. **Divorce** ⟨⟩316 — **Decree of "absolute divorce" dissolves marriage, and vests mutual rights and obligations of parties.**

A decree of "absolute divorce" (a vinculo matrimonii) dissolves marriage, and vests the mutual rights and obligations of the parties, and creates a new status, which carries new duties and obligations.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Absolute Divorce.]

4. **Divorce** ⟨⟩314 — **"Limited divorce" does not dissolve marriage, but permits parties to live apart on terms indicated.**

A "limited divorce" (a mensa et thoro) does not dissolve marriage, but permits the parties to live apart on terms indicated by the statute.

5. **Divorce** ⟨⟩212 — **Alimony pendente lite granted in cases of divorce from bed and board under certain circumstances.**

Alimony pendente lite will be granted in cases for divorce from bed and board under extension by equitable construction of mandatory provisions of Code 1923, § 7417, only where wife is without means, and husband is able to furnish them.

Original petition by the State of Alabama, on the relation of Charles G. Tissier for mandamus to Hon. Samuel F. Hobbs, as Judge of the Circuit Court of Dallas County. Writ granted.

Houston Tissier filed her bill in the circuit court, in equity, against the relator, Charles G. Tissier, praying a divorce from bed and board and allowance of alimony, permanent and pendente lite, and counsel fees. The trial court, on motion of complainant, ordered a reference to be held by the register to ascertain the amount of alimony pendente lite to be allowed her. The petition for mandamus seeks the annulment of that order.

Reese & Reese, Pettus, Fuller & Lapsley and A. D. Pitts, all of Selma, for petitioner.

Alimony pendente lite will not be granted in a suit for alimony without divorce, unless the wife is without adequate means of support. Section 7417 has no application to section 7423 of the Code. Brady v. Brady, 144 Ala. 414, 39 So. 237; Hood v. Hood, 138 Md. 355, 113 A. 895, 15 A. L. R. 774; Brindley v. Brindley, 121 Ala. 429, 25 So. 751; Lane v. Kolb, 92 Ala. 636, 9 So. 873.

S. F. Hobbs, of Selma, pro se.

By section 7417 of the Code of 1923, allowance of alimony pendente lite to the wife is a matter of right. Ex parte State ex rel. Boyette, 211 Ala. 129, 99 So. 853; Ex parte Eubank, 206 Ala. 8, 89 So. 656; Gibson v. Gibson, 203 Ala. 466, 83 So. 478; Ortman v. Ortman, 203 Ala. 167, 82 So. 417; Coleman v. Coleman, 198 Ala. 225, 73 So. 473; Lawrence v. Lawrence, 141 Ala. 356, 37 So. 379; Webb v. Webb, 140 Ala. 262, 37 So. 96, 103 Am. St. Rep. 30; Rast v. Rast, 113 Ala. 319, 21 So. 34; Edwards v. Edwards, 80 Ala. 97; Jeter v. Jeter, 36 Ala. 391; Ex parte Smith, 34 Ala. 455; Mims v. Mims, 33 Ala. 78; King v. King, 28 Ala. 315; Ex parte King, 27 Ala. 387; Richardson v. Richardson, 4 Port. (Ala.) 467, 30 Am. Dec. 538. Sections 7417, 7423, and 7424 are to be construed together.

THOMAS, J. The answer of the learned circuit judge sets out the pertinent statutes and decisions of this court on the question presented. This appears to be a case of first impression. Was the circuit court in error in assuming that sections 7423 and 7424 of the Code of 1923 were governed by the mandatory provisions of section 7417 of the Code of 1923?

The several provisions of the statute (chapter 283, Code of 1923) preceding section 7417 pertain to divorces a vinculo matrimonii. These provisions are: The grounds on which such divorce may be granted (section 7407) to the husband (section 7408) or to the wife (section 7409); as to cases where divorces must be refused (sections 7413, 7414); the prescription of procedure (sections 7410–7412); as to venue (section 7415) and residence required for such action (section 7416). The provisions of sections 7417 to 7420, both inclusive, are:

"7417. *Allowance to Wife Pending Suit.—* Pending a suit for divorce, the court must make an allowance for the support of the wife out of the estate of the husband, suitable to his estate and the condition in life of the parties.

"7418. *Allowance to Wife on Decree of Divorce.—*If the wife has no separate estate, or if it be insufficient for her maintenance, the judge,

upon granting a divorce, must decree the wife an allowance out of the estate of the husband, taking into consideration the value thereof and the condition of his family.

"7419. *Allowance When Decree in Favor of Wife.*—If the divorce is in favor of the wife for the misconduct of the husband, the allowance must be as liberal as the estate of the husband will permit, regard being had to the condition of his family and to all the circumstances of the case.

"7420. *Allowance When against Wife.*—If in favor of the husband for the misconduct of the wife, the allowance must be regulated by the ability of the husband and the nature of the misconduct of the wife."

See Ortman v. Ortman, 203 Ala. 167, 82 So. 417, as to alimony and allowances pendente lite.

Then follows the statute declaring that, where a divorce is granted for the pregnancy of the wife at the time of marriage, the issue is thereby bastardized. Section 7421.

[1] Section 7422 of the Code provides for the custody and education of children when divorce is granted to either father or mother, as may seem right and proper, having regard to the moral character and prudence of the parents, the age and sex of the children; that is to say, there is declared the right to order and direct the custody of the children as their safety and well being "may require" pending the suit, and thereafter by decree. This section has been applied in bills for absolute divorce, in suits for alimony and custody of children, independent of divorce, and in bills for custody of infants where no divorce was sought. Cornelius v. Cornelius, 31 Ala. 479; Anonymous, 55 Ala. 428; Lassiter v. Wilson, 207 Ala. 669, 93 So. 598; Bryan v. Bryan, 34 Ala. 516; Anonymous, 206 Ala. 295, 89 So. 462. These provisions of the statute in some respects are declaratory of the common law, and the original jurisdiction of the chancery court over infants has been held unimpaired thereby. Hansford v. Hansford, 10 Ala. 561; Bryan v. Bryan, 34 Ala. 516; Striplin v. Ware, 36 Ala. 88; Lee v. Lee, 55 Ala. 590; Saunders' Case, 166 Ala. 351, 52 So. 310; Hayes v. Hayes, 192 Ala. 280, 68 So. 351; Coleman v. Coleman, 198 Ala. 225, 73 So. 473; Anonymous, 55 Ala. 428. The controlling reason of the statute is of necessity rested upon the welfare of the infant children, made the subject of the suit. Cornelius v. Cornelius, 31 Ala. 479, where the wife failed as to divorce, yet was given the custody of infants. The like decree was rendered in Anonymous, 55 Ala. 428. McDaniel v. Youngblood, 201 Ala. 260, 77 So. 674; Coleman v. Coleman, 198 Ala. 225, 73 So. 473; Tutwiler v. Tutwiler, 205 Ala. 283, 87 So. 852; Lassiter v. Wilson, 207 Ala. 669, 93 So. 598; Basden v. Basden, 209 Ala. 632, 96 So. 881.

The fact that the statute has been construed in aid of the common law and the original jurisdiction of equity for the protection, education, and well-being of the helpless infants that are drawn within the jurisdiction of the courts in such unfortunate controversies between parents presents no analogy to the question for decision.

There is nothing germane to this question in section 7425, declaring the limitations of the rights of the parties to remarry after (absolute) divorce is granted or pending an appeal except to each other. It merely emphasizes the fact that the several provisions of chapter 283 of the Code of 1923 are not inserted in the context in absolute order of sequence. It is obvious that the statute of September 10, 1915 (section 1, p. 358), codified as section 7428, was given a proper place at the end of the chapter on "divorce," since it provided for submissions for final decree after decree pro confesso, without regard to whether the divorce prayed was absolute or conditional.

The bill was filed under section 7423 of the Code, providing for divorces from bed and board. Section 7424 provides for the procedure in such cases, and affirms "the court has the same power to make an allowance to the wife out of the estate of the husband, and provide for the custody and education of the children of the marriage," as provided in chapter 283 "for divorces from the bonds of matrimony." The divorce law in this jurisdiction, so far as the present case is concerned, has been the same since the Code of 1852, sections 7423 and 7424 of the present Code being in the Code of 1852 as sections 1979 and 1980, substantially in the same language as in the present Code. Prior to the Code of 1852 there were no provisions the same as those contained in section 7424 of the present Code. Section 7423 appears in Toulmin's Digest as section 6, p. 252; in Aikin's Digest as section 19, p. 131; in Clay's Digest as section 19, p. 171. There was provision for alimony and custody of children in the sound discretion of the superior court of the territory in section 7, p. 252, of Toulmin's Digest, by the Act of March 10, 1803; and the General Act of 1820, Toulmin's Digest, p. 255, did not contain provision for limited divorces. The provisions of Aikin's Digest, §§ 1–9, relate to absolute divorce, section 19 provides for limited divorces, and sections 20 and 21 provide for the well-being of children in all cases. To the same effect are the provisions of Clay's Digest, sections 1–9, inclusive, relating to absolute divorce, and sections 19–21, providing for limited divorce, and the well-being of the children is rested in the sound discretion of the court.

Until the Code of 1852, divorces from the bonds of matrimony had to be approved by the Legislature before they were final and binding, although in Aikin's Digest and Clay's Digest it was provided that the circuit court, in one case, and the chancery

court, in the other, could make final divorces from bed and board. In Toulmin's Digest, under the act of 1820, no provision was made for bed and board divorces, and provision was made, in sections 6 and 7, for permanent alimony and temporary alimony where the decree was for absolute divorce. In section 7, pp. 255, 256, it is provided that, pending a suit for divorce, the court may make such temporary orders respecting the property and parties as it shall deem equitable. This section was carried into Aikin's Digest as section 9, and Clay's Digest as section 9, under the subject of "Divorce."

[2] It would appear that the two sections in the present Code relating to divorces from bed and board as added to the divorce law constitute a separate subject entirely from the first part of our present chapter on the bonds of matrimony, and that section 7417 is not germane to the two sections relating to divorces from bed and board.

[3, 4] It is observed, if we learn anything from the history of these statutes and the several decisions thereunder, the "absolute" and the "limited" divorce is provided for in this jurisdiction. A decree of absolute divorce (a vinculo matrimonii) dissolves the marriage and fixes (under the pertinent facts) the mutual rights and obligations of the parties. It creates a new status under the ascertained facts, which carries new duties and obligations. A limited divorce (a mensa et thoro) does not dissolve the marriage, but permits the parties to live apart upon the terms indicated by statute and the decree. 19 C. J. p. 157; 14 Cyc. 729, § 2; 9 Am. & Eng. Ency. (2d Ed.) 852. The property rights in the case of a limited divorce have been held generally to remain unchanged (Ellison v. Mayor of Mobile, 53 Ala. 558), except in so far as, under the statute and the decree of separation, the court, exercising a sound discretion, expressly provided for an allowance to the wife and for the disposition of the properties of the parties. In Ellison v. Mayor of Mobile, supra, the Chief Justice said:

"* * * The divorce a mensa et thoro only authorized her to live separate from the husband. It did not remove the vinculum of the marriage, or enlarge her capacity to convey real estate. Bish. on Mar. and Divorce, § 676 et seq.; Smoot v. Lecatt, 1 Stew. 590; Rochon v. Lecatt, 1 Stew. 609, 2 Stew. 429."

In Brady v. Brady, 144 Ala. 414, 419, 39 So. 237, 239, the wife has sued for separate maintenance, not asking for divorce, and the same was upheld upon the principle declared in Glover v. Glover, 16 Ala. 440. Where the husband, without just cause, cast the wife upon society, destitute of means or substance, the original jurisdiction of equity, independent of statute, will entertain a bill for alimony pendente lite, and upon final hearing for permanent alimony. In the Brady Case, supra, Mr. Justice Anderson said:

"It is to be observed that this right [to maintain a bill for alimony pendente lite] is only to be exercised where the wife is without means,"

—and, we add, where the husband is able to furnish them. 2 Am. & Eng. Ency. L. (2d Ed.) p. 99.

[5] We have given careful consideration to the new question presented, and are of opinion that the principle applied by this court in Brady v. Brady, 144 Ala. 414, 419, 39 So. 237, 239, as to the granting of alimony pendente lite in suits for alimony only, will be applied to alimony pendente lite in cases for divorce from bed and board. This is in accord with the general rule of the other jurisdictions. Hood v. Hood, 138 Md. 355, 113 A. 895, 15 A. L. R. 774–785; 1 R. C. L. 894; 2 Am. & Eng. Ency. L. (2d Ed.) 105.

The confining of the mandatory provisions of section 7417 to absolute divorces is within the rule of statutory construction recognized —the giving of due regard to the terms and purposes of said statute—hence it may either be extended or restricted by an equitable construction. Blakeney v. Blakeney, 6 Port. 109, 117, 30 Am. Dec. 574; Lane v. Kolb, 92 Ala. 636, 640, 643, 9 So. 873; Commissioners' Court v. Rather, 48 Ala. 433, 449; Stewart v. L. & N. R. Co., 83 Ala. 493, 4 So. 373; Board of Workers, etc., v. Sparkman, 13 Q. B. (L. R.) 878; Endlich Interp. Stat. (1888) p. 437 et seq.

The writ is granted.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.