(116 So. 685)

WAKEFIELD v. WAKEFIELD.
(5 Div. 982.)

Supreme Court of Alabama. March 29, 1928.

Rehearing Denied May 17, 1928.

1. Divorce ⟝93(2)—In divorce for adultery, allegation of want of knowledge is excuse for omitting paramour's name; averment of adultery with person unknown being sufficient (Code 1923, § 7407, subd. 2).

In suit for divorce on ground of adultery (Code 1923, § 7407, subd. 2), allegation of want of knowledge is excuse for omitting name of paramour; averment of adultery with person unknown being sufficiently definite.

2. Pleading ⟝406(3)—Amendable defects of bill are waived by failure to file demurrer, jurisdictional facts being averred.

Amendable defects of bill are waived by failure to file demurrer, jurisdictional facts being averred.

3. Divorce ⟝66—Statute governing venue in divorce being for benefit of parties may be waived so that after decree pro confesso question of proper venue cannot be heard (Code 1923, § 7415).

Code 1923, § 7415, providing venue for divorce actions, is for benefit of parties only, and may be waived so that after decree pro confesso question of proper venue cannot be heard.

4. Divorce ⟝129(16)—In divorce for adultery, statement that separation ensued because of adultery held not sufficient to support rendition of decree (Code 1923, § 7407, subd. 2).

In suit for divorce on ground of adultery under Code 1923, § 7407, subd. 2, where witnesses, instead of stating facts and circumstances upon which conclusion of adultery might have been drawn by court, stated that separation ensued because of adultery, held that such evidence was not sufficient for rendition of decree of divorce on ground alleged.

5. Divorce ⟝129(9)—In divorce for adultery, generally facts must be such as lead guarded discretion of reasonable and just man to that conclusion (Code 1923, § 7407, subd. 2).

In suit for divorce on ground of adultery (Code 1923, § 7407, subd. 2) general rule is that facts and circumstances must be such as would lead discretion of reasonable and just man to the conclusion and not harsh and intemperate judgment moving upon circumstances that are equally capable of two interpretations, although fact of adultery may be inferred from circumstances leading to it as necessary conclusion.

⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Bill for divorce by Rosa Wakefield against William Wakefield. From a decree dismissing the bill, complainant appeals. Affirmed.

Hooton & Moon, of Roanoke, for appellant.

The matter charged is ground for divorce. Code 1923, § 7407(2). Respondent being a nonresident, one year's residence was sufficient. The suit was properly filed in the county of complainant's domicile. Code 1923, §§ 7415, 7416. The bill was sufficient. If defective, it was waived by failure of respondent to answer or demur thereto. Holston v. Holston, 23 Ala. 777.

THOMAS, J. The bill as amended was for divorce. It was not tested by demurrer. The jurisdictional facts are alleged. The nonresidence of defendant and service by publication on him as a nonresident are shown by the certificate of the register that copy of bill and summons were registered to defendant, as required by law, and the return receipt of the delivering postmaster.

[1] If it be true that the bill as amended was subject to demurrer, as to amendable defects, as to averring adultery, the same was not challenged by demurrer. And in this jurisdiction, an allegation of a want of knowledge is a sufficient excuse for omitting the name of the paramour, and such averment of adultery with a person unknown is warranted as being sufficiently definite. Holston v. Holston, 23 Ala. 777; Farley v. Farley, 94 Ala. 501, 10 So. 646, 33 Am. St. Rep. 141; Bouney v. Bouney, 210 Ala. 101, 97 So. 141.

After the cause was at issue on the bill as amended, commission issued, and the testimony of complainant and one Pool was taken by depositions. And that evidence was to the effect that complainant was of age, a bona fide resident citizen of the county where the bill was filed and had been for more than one year next before the filing of her bill for divorce, the post office and street address of respondent given as being Detroit, Michigan, their marriage was shown to have been consummated in March, 1925, that immediate separation ensued because respondent committed adultery since their marriage, and that such action on his part was not condoned, and that complainant has not lived with said respondent since their separation.

[2] Any amendable defects of the bill as amended were waived by failure to file demurrer, the jurisdictional facts being averred. The evidence was specific as to the required one-year residence of complainant of the marriage, and separation because of adultery by defendant thereafter, and not condoned by the complainant. The statutory ground of adultery was charged (section 7407, subd. 2. Code of 1923); the residence required when defendant is a nonresident (section 7416, Code) is alleged in the bill and proved. Wright v. Wright, 200 Ala. 489, 76 So. 431; Martin v. Martin, 173 Ala. 106, 55 So. 632.

It is true that in Davis v. Davis, 132 Ala. 219, 31 So. 473, it is declared that when the bill for divorce is grounded on voluntary abandonment, the three years' bona fide residence in the state next before the filing of the bill must be averred and shown, regardless of whether the respondent is a resident or nonresident of the state. Section 7414, Code. This is not the statutory requirement of a bill rested on the ground of adultery and where the respondent is a nonresident. Sections 7414, 7416, of the Code; Ex parte State ex rel. Tissier, 214 Ala. 219, 106 So. 866. The two statutes are specific and different as to such requirements.

The venue statute is section 7415 of the Code, as follows:

"Bills for divorce may be filed in the circuit court of the county in which the defendant resides, or in the circuit court of the county in which the parties resided when the separation occurred; if the defendant is a nonresident, then in the circuit court of the county in which the other party to the marriage resides." Ex parte State ex rel. Tissier, 214 Ala. 219, 106 So. 866; Benton v. Benton, 214 Ala. 321, 107 So. 827.

[3] Such a statute is for the benefit of the parties only, and may be waived, and after decree pro confesso there is no right to hear the question of the proper venue. White v. White, 206 Ala. 231, 89 So. 579; Branch Bank v. Rutledge, 13 Ala. 196; § 7415, Code.

[4, 5] The evidence was that statement of conclusion not sufficient for the rendition of a decree for divorce on the ground alleged. The witness should have stated the facts and circumstances upon which the conclusion of adultery may be drawn by the court. The general rule in such matter is that the facts and "circumstances must be such as would lead the guarded discretion of a reasonable and just man to the conclusion," and not a harsh and intemperate judgment "moving upon" circumstances and "appearances that are equally capable of two interpretations"; and the fact of adultery "may be inferred 'from circumstances leading to it as a necessary conclusion.'" Jeter's Case, 36 Ala. 391; Coleman v. Coleman, 198 Ala. 225, 227, 73 So. 473.

The decree of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.