20 So.2d 710

**SAPP v. SAPP.**

8 Div. 300.

Supreme Court of Alabama.

Feb. 1, 1945.

John W. Sherrill, Jr., of Decatur, for appellant.

R. L. Almon, of Moulton, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrer to a bill for divorce. The bill alleges that the parties were married on or about September 12, 1942. The bill contains the following paragraph:

"3. The complainant avers that the defendant committed adultery with Hollis Vest in Lawrence County, and on or about during the months of May, June, November 1943, or on or about the 24th day of December 1943, the said defendant at this last named date visited the said Hollis Vest in his bed room at night and alone; and complainant avers that he has not lived or cohabited with defendant as husband and wife since the above dates."

We consider that the allegations, fairly interpreted together, separately charge

the defendant with the commission of adultery with Hollis Vest in Lawrence County on various occasions in May, June, November, 1943, and on a particular occasion at a particular place in December, 1943. The fact that there may be allegations of evidentiary matter relating to the occasion of December 24, 1943, will not militate against the charge of adultery on that occasion, since such evidentiary matter will be regarded as surplusage and not subject to demurrer. Buettner Bros. v. Good Hope Missionary Baptist Church, 245 Ala. 553, 18 So.2d 75.

The allegations are sufficient under the statute. Hillhouse v. Hillhouse, 222 Ala. 146, 131 So. 441; Bouney v. Bouney, 210 Ala. 101, 97 So. 141; Farley v. Farley, 94 Ala. 501, 10 So. 646, 33 Am.St.Rep. 141; Holston v. Holston, 23 Ala. 777. The decree of the lower court was not in error.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.