# Beggs *v.* The State.

*Indictment for Bigamy.*

1. *Proof of marriage by certified transcript of license and return; judicial notice of public officers.*—A marriage license, with the certificate of the solemnization of the marriage under it, is a record of the Probate Court, which the judge is required to keep (Rev. Code, § 2340), and authorized to certify; and when a certified transcript thereof is offered in evidence in any court of this State, it is not necessary that the judge's certificate should be under his official seal, since the courts take judicial notice of all public officers who are commissioned by the governor, and are bound to recognize their official acts.

2. *Bigamy; what constitutes offense; where indictable; variance.*—The offense of bigamy under the statute (Rev. Code, § 3599), as at common law, is complete when the second marriage is complete, without proof of subsequent cohabitation, and is indictable only in the county in which the second marriage is solemnized; while subsequent cohabitation under the second marriage, which is a distinct offense, may be indicted and punished in any county in which it is committed; but, under an indictment for bigamy, a conviction cannot be had on proof only of subsequent cohabitation, in the county in which the indictment was found, when the second marriage took place in another county, or in another State.

3. *Same; validity of infant's marriage.*—A marriage, contracted by an infant under the age of consent—seventeen if a male, and fourteen if a female (Rev. Code, § 2333)—is not absolutely void, but voidable only; and, until disaffirmed, is a marriage in fact, and sufficient to support a prosecution for bigamy in contracting a subsequent marriage.

FROM the Circuit Court of Cleburn.

Tried before the Hon. WM. L. WHITLOCK.

The indictment in this case, which contained but a single count, charged that the defendant, Thomas Beggs, "having a wife then living, unlawfully married one Elizabeth Knight." On the trial, as the bill of exceptions shows, the defendant having pleaded not guilty, "the State proved the marriage of the defendant in this county (Cleburn), in October, 1869, with Ellen Birdsong, and introduced evidence tending to show that she was then living;" and then offered in evidence

VOL. LV.

a certified transcript from the records of the Probate Court of Calhoun county, containing a marriage license for Thomas Beggs and Mary E. Knight, issued by the probate judge of Calhoun county on the 31st March, 1872, and a certificate by J. J. Wilson, that he, as a justice of the peace in said county of Calhoun, performed the marriage ceremony between the persons named in the license, on the said 31st March, 1872. The defendant objected to the admission of this transcript as evidence, "because the certificate attached thereto was not under the seal of the court, and because it tended to prove that the marriage therein set forth was performed in Calhoun county." The court overruled the objection, and admitted the transcript; and the defendant excepted. Evidence was introduced on the part of the State, showing that the defendant and said Elizabeth (or Mary E. Knight), after their said marriage in Calhoun county, returned to her father's house in Cleburn county, and remained there several days, treating each other as husband and wife. It was proved that the defendant was born in June, 1854.

The defendant asked the court, in writing, to charge the jury as follows : " 1. If they believe, from the evidence, that the second marriage was celebrated or contracted in Calhoun county, about a mile or more from the Cleburn line, then they must find the defendant not guilty." " 2. That if they believe, from the evidence, that the defendant was under seventeen years of age at the time of the first marriage, then they must find him not guilty." The court refused each of these charges, and the defendant excepted to their refusal.

Neither the docket nor the record shows who appeared as counsel for the prisoner in this court, and no brief is on file.

JNO. W. A. SANFORD, Attorney-General, for the State.

BRICKELL, C. J.—1. A marriage license, and the certificate of solemnization, is a record of the court of probate which the judge is expressly authorized to certify.—R. C. §§ 2340-41. It is not required, when a copy thereof is certified to be used as evidence in any of the courts of the State, that the certificate of the judge shall be under the seal of the court. The courts of the State are charged with notice of the names of all public officers, State or county, receiving commissions from the executive, and are bound to recognize their official acts.—*Bishop v. State*, 30 Ala. 34.

2. Under the statute, as at common law, the offense of bigamy consists in the wilful contracting a second marriage, knowing the former marriage to be subsisting. Cohabita-

tion, consequent on the marriage, is not an ingredient of the offense. It is complete, when the second marriage, if valid, would be complete according to the law of the place in which it is formed. The maxim applies, *consensus, non Concubitus, facit nuptias;* and if the contract of marriage is *per verba de præsenti,* the offense is committed.—*State v. Patterson,* 2 Ired. 346. Public morals are violated, public policy is offended, and an illegal contract is made, when the rites are solemnized according to the forms of law. Then, if the prior marriage did not avoid, the relation of husband and wife would be formed, and all its incidents would attach. It is the vicious·contract—the violation of morals and policy—the law denounces and punishes. It results, that the offense is committed only at the place of the second marriage; and there alone—in the very county—is the offense indictable and punishable.—2 Bish. Cr. Law, § 892 ; Bish. Stat. Crimes, § 585 ; *People v. Mosher,* 2 Park. Cr. Cases, 195 ; *U. S. v. Jernegan,* 4 Cr. C. Ct. 1. Subsequent cohabitation, in another jurisdiction than that of the marriage, may be an offense, but it is not bigamy.

Statutes have been enacted in England, and in this country, to remedy this deficiency of the common law. The English statute (9 Geo. 4, ch. 31, § 22) provides, that the offender may be tried in the county where he shall be "apprehended, or be in custody."—1 Russ. on Crimes, 189. The statute of this State, similar to that of Vermont, Massachusetts, Tennessee, and it may be of other States, provides : "If any person, having a former wife or husband living, marries another, or continues to cohabit with such second husband or wife in this State, he or she must, on conviction, be imprisoned in the penitentiary, or sentenced to hard labor for the county, for not less than two, nor more than five years."—R. C. § 3599. When this statute is read in connection with the common law existing at the time of its enactment, it is apparent two offenses are thereby created ; or, rather, the common-law offense of bigamy is declared, and the punishment which must follow conviction defined; and a statutory offense, the continuance of cohabitation under the vicious marriage making bigamy, punishable as the latter offense, is created. The offense of bigamy remains, indictable and punishable at the place of its commission. If the second marriage was in this State, the county of its commission is the only place in which an indictment for the offense will lie. As to this offense, the common law is not changed. Necessity for a change is obviated by the creation of the new offense— the cohabitation under the second marriage. If the marriage was in another State, and the cohabitation in this State,

the wrong done here is the evil example of persons living together as husband and wife, who do not in fact and in law sustain that relation—the open continuance of an adulterous connection. Or, if the marriage is in one county, and the cohabitation in another, the offense in the latter is not the second criminal marriage, but the adulterous cohabitation. This offense is committed, without regard to the place of the former marriage, whether within or without the State, or within or without the county. The criminal second marriage is an indispensable element of the statutory offense, and must be averred and proved.—*Finney v. State*, 3 Head, 544; *Williams v. State*, 44 Ala. 24.

If bigamy was committed by the defendant, it was not in the county of Cleburn, but in the county of Calhoun. The indictment charges bigamy only, not the continuance of cohabitation. The evidence of cohabitation in Cleburn was not admissible, and was not sufficient to authorize a conviction. If the indictment had been for the cohabitation in Cleburn, the evidence would have been admissible; and if it satisfied the jury of the fact, would have authorized a conviction. To support a conviction on evidence of cohabitation, an indictment for bigamy is insufficient, because it avers one only of the facts which make up the offense. The Circuit Court erred in its refusal of the first charge requested by the defendant.

3. The indispensable evidence to support a prosecution for bigamy is, that the defendant had "a former wife or husband living;" a subsisting, valid prior marriage, subjecting to its duties, and conferring its rights. If the first marriage is void, the offense has not been committed.—3 Whart. Am. Cr. Law, § 2628; 3 Greenl. Ev. § 208. But, if it is merely voidable, contracted under disabilities or impediments, which render it capable of confirmation or avoidance as the party may elect, it is a marriage in fact, until avoided, and a second marriage while it remains a marriage in fact is criminal. 3 Whart. Am. Cr. Law, § 2628; 1 East, 466, § 2. By the common law, no persons were capable of binding themselves in marriage, until they had arrived at the age of consent, which in males was fixed at fourteen, and in females at twelve. Marriage before that age was voidable at the election of either party, on arriving at the age of consent, if either of the parties was under that age when the contract was made. 2 Kent, 43; Schouler's Dom. Rel. 32; 1 Bish. Mar. & Div. §§ 149-150. The statute of this State is: "A male under the age of seventeen, and a female under the age of fourteen years, are incapable of contracting marriage."—R. C. § 2333. The evidence tended to show that the defendant was under

[Beggs v. The State.]

the age of seventeen when the first marriage was contracted. The charge requested was, that if the first marriage was contracted while the defendant was under seventeen, he was not guilty. The charge assumes, as matter of law, that the first marriage was void. It was refused by the Circuit Court; and whether the first marriage was void, or voidable, is the precise question we must determine.

The statute to which we have referred, fixing the age of consent requisite to a valid marriage, or a marriage binding on the parties, is part of a title of the Code devoted to "Domestic Relations," and of an article devoted especially to "Marriage." The first, second and fourth sections of the article are confined to incestuous marriages, which are in express terms prohibited. The third is the section fixing the age of consent, and is without words of prohibition. It is simply definitive of capacity to contract marriage. The fifth, sixth, seventh, eighth, ninth, tenth, and eleventh sections, relate to the solemnization of marriage, the mode of obtaining authority for, and the preservation of legal evidence of it. The twelfth, thirteenth, fourteenth and fifteenth impose penalties for a violation of the preceding sections, by those having authority to solemnize; and on the probate judge for issuing license to solemnize, or not keeping the proper record of license and solemnization, in violation of the duty imposed on him. There is no penalty imposed on persons not of the requisite age, for contracting marriage, or on any person for contracting marriage, in any other than the mode prescribed. A marriage without license from the probate judge, without solemnization by any person authorized by the statute to solemnize it—a marriage merely by the consent of the parties—followed by cohabitation, is valid. The parties stand to each other in the relation of husband and wife, having all the rights, and subject to all the duties, flowing from a marriage in strict conformity to the statute.—*Campbell v. Gullatt*, 43 Ala. 57. When the different parts of this article are compared, the intention of the legislature seems unmistakable. Incestuous marriages are prohibited—are void *ab initio*; no subsequent act of the parties can affirm, or impart to them validity. Not only are they prohibited, but those entering into them incur severe penalties.—R. C. § 3601. There is no prohibition of the union of parties not of the requisite age, and no penalty imposed on them for forming the union. The incestuous marriage contravenes the voice of nature, degrades the family, offends decency and morals, and is absolutely interdicted. A marriage within the age of consent may be indiscreet, may disturb the peace of families, and may subject youth and inexperience to the arts of the

cunning and unscrupulous; but it is wanting in the vicious and corrupting properties of the incestuous connection. The change in the terms of the statute in reference to these marriages, and the very nature of the two, forbid an interpretation that would place them in the same condition. If it had been intended to declare void the marriage of a person not of the requisite age, the intention would have been expressed in terms equivalent to those employed when incestuous marriages are prohibited.—*Godwin v. Thompson*, 2 Greene (Iowa), 329; *Koonee v. Wallace*, 7 Jones' Law (N. C.), 194. The statute serves the purpose of its enactment, when construed as operating merely an enlargement of the age of consent, from that fixed by the common law—of twelve in females, and fourteen in males—to fourteen in females, and seventeen in males. The marriage between persons not of the statutory age is, as was the marriage between persons not of the age of consent at common law, imperfect, becoming perfect only by affirmance when the requisite age is obtained. Until disaffirmance, it is a marriage in fact, and the second marriage of either party is bigamy.

The case of *Shafher v. State*, 20 Ohio, 1, is opposed to this view, and opposed, as we think, to the great weight of authority. The general rule prevailing in this country is, that marriages, valid at common law, although not in conformity to statutory regulations, are valid, unless the statutes are prohibitory, or in restraint of them.—*Campbell v. Gullatt*, 43 Ala. 47; 2 Green. Ev. § 460; *Parton v. Hervey*, 1 Gray, 114. It would be violative of this principle, and of the intent of the legislature, to construe the statute under consideration as absolutely avoiding the marriage of a person not of the requisite age. We may remark, that if, on arriving at the age of seventeen, the female being of the age of fourteen years—or, if she was not then of the age of fourteen years, when she reached that age—either party disaffirmed the first marriage, it was thereby avoided, and the second marriage, if subsequent to such disaffirmance, was not in violation of law. No question was raised in the court below as to the affirmance or disaffirmance of the first marriage, and it would not be proper to say more in reference to it.

The charge requested did not assert a correct principle, and was properly refused. For the error we have pointed out, let the judgment be reversed, and the cause remanded. The defendant must remain in custody, until discharged by due course of law.