(121 So. 689)

## BREWER v. STATE. (8 Div. 758.)

Court of Appeals of Alabama. April 9, 1929.

H. H. Hamilton, of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. Appellant was convicted upon an affidavit or complaint which charged him with a violation of the prohibition law, by selling to state witnesses Quinn and Entriken one pint of whisky.

The evidence adduced upon the trial was in conflict and was for the jury, and the question of the guilt or innocence of the accused rested with the jury under all the facts as shown by the evidence in the case.

■■ We have given careful and attentive consideration to the merits of the points of decision relied upon to effect a reversal of the judgment of conviction appealed from, which are properly presented. Where there is any evidence tending to make out a case against a person accused of the commission of a criminal offense, and where the trial, as here, is had before a jury, it is not within the province of this court, or of the court below, to pass upon the important question of the guilt or innocence of the defendant, this is for the jury alone. But every person accused of crime, and upon trial therefor is entitled to a fair and impartial trial, free from injurious error, and no person should be pronounced guilty and punished except in the mode and manner provided by law. As was said in the case of Patterson v. State, 202 Ala. 65, 68, 79 So. 459, 462: "The guilty, as well as the innocent, have a right to be tried in accordance with the law of the land. The innocent ought not to be punished, and the law does not intend or provide that they shall be punished: and as to the guilty, the law provides that such shall not be punished except in the mode and manner provided by the law."

■■ Over timely and insistent objections and exceptions of defendant, the state was allowed to prove by its witness Jeff Entriken numerous facts and circumstances wholly irrelevant, illegal, and inadmissible; notably the conversation had between said witness and witness Quinn, which took place in Russellville, the defendant not being present but admittedly several miles away at his home when the conversation occurred. The record shows, over the objections and exceptions aforesaid, that the following occurred in this connection:

"Who did you make the trip for? Ans. Barnes Quinn.

"Q. What was he to pay for you making the trip? Ans. $2.00. ·

"Q. Where did he want you to take him? Ans. He wanted me to carry him to Rockwood.

"Q. Did you take him to Rockwood? Ans. Yes sir.

"Q. Then where did you take him? Ans. Russellville.

"Q. From Russellville where did he want to go? Ans. Go back by Brewer's (defendant's).

"Q. He wanted you to take him by Henry Brewer's? Ans. Yes sir.

"Q. Anything said about getting some liquor? What did he say about getting some liquor at Henry Brewer's? Ans. He said he would go by there and get some liquor.

"Q. He said to go by there and get some whisky? Ans. Yes sir.

"Q. What was said about paying for it? Ans. I told him if he was going to get some I would go my part on it.

"Q. Did you go your part? Ans. Yes, I told him if he was going by there I would make the trip for 50 cents that would pay for my gas and put $1.50 on the pint of liquor," etc.

The foregoing is similar and in line with several other points of decision insisted upon as error. There is no rule of evidence known to the law which provides that a person accused of crime and upon trial shall have his case burdened by evidence of this character, or by acts, declarations, and conversations of persons not in his presence as was done in this case. The trial of this case was replete with error. The rulings of the court, and the conduct of the case generally by the solicitor in numerous instances, were in direct conflict with the case of Scott v. State, 22 Ala. App. 383, 115 So. 855, a case tried in this same court and the state represented by the same solicitor. It is the imperative duty of inferior courts to be governed and guided by the decisions of the appellate courts of this state, and whenever it appears, as here, that such is not done, this court will promptly hold error to a reversal in all cases thus appearing.

We deem further discussion unnecessary. To treat or discuss every point insisted upon as error would result in extending this opinion unduly, and could serve no good purpose, as only simple propositions of law are involved; in fact, elementary rules of practice only.

Reversed and remanded.