This is an appeal from a divorce modification proceeding wherein the trial court terminated the former wife's alimony under § 30-2-55, Code of Alabama 1975 (Supp. 1982).
Husband and wife were divorced on July 16, 1981. The divorce decree provided among other things, that the husband, Eyston A. Hunte, pay to the wife, Rhona Richardson Hunte, $300 per month for a period of two and one-half (2 1/2) years as alimony. On August 2, 1982, the husband filed a petition for modification of several provisions of the divorce decree, including the alimony provision, alleging a change of circumstances.
On September 28, 1982, the husband filed a motion requesting that the court terminate the alimony payments, on the ground that the wife was living openly and cohabitating with a member of the opposite sex, under § 30-2-55, Code 1975 (Supp. 1982). Section 30-2-55 authorizes the court to terminate alimony upon petition and proof that the spouse receiving the alimony is "living openly or cohabitating with a member of the opposite sex." A hearing on the motion was held on December 2, 1982.
On January 25, 1983, the trial court denied all of the husband's motions except the motion based on § 30-2-55. The court *Page 1316 
found that the wife was living openly with a member of the opposite sex and ordered that her $300-per-month alimony payments be terminated as of the last day of September, 1982. The wife appeals the court's ruling.
The only issue presented on appeal is whether the trial court correctly applied § 30-2-55 under the evidence presented. It is well settled that the judgment of the trial court after a hearing ore tenus will not be reversed on appeal unless after consideration of all of the evidence and all reasonable inferences drawn therefrom, we conclude the judgment was plainly and palpably wrong. Ivey v. Ivey, 378 So.2d 1151
(Ala.Civ.App. 1979); Parish v. Parish, 374 So.2d 348
(Ala.Civ.App.), cert. denied, 374 So.2d 351 (Ala. 1979). This presumption equally applies to the court's determination of whether the petitioner has met the burden of proof. Id.
The wife contends there is no support in the evidence for the trial court's order. There was undisputed testimony that one Isaac Rucker lived in the home with the wife for about two weeks in July of 1982. Additional undisputed testimony places Rucker at the wife's residence early in the morning, during the day, in a state of undress, and late at night, regularly over a period of five months. Rucker has taken the wife's children to school on several occasions, and has accompanied the wife to many social gatherings, to restaurants, and to church. The wife testified she did not date other men. Rucker uses the wife's car, and although he testified that he has lived in his own apartment "on and off" for about three months, he had difficulty remembering the address.
The wife contends that she and Rucker are merely business partners and work out of an office in her home. They are reportedly in the construction business which requires very long hours. She denies ever having had sexual relations with Rucker, and further denies that they are living together. However their business was not incorporated until November of 1982, weeks after the filing of the husband's motion, and the corporation had still done no business at the time of the trial. In connection with the business, the wife and Mr. Rucker maintain a joint checking account.
Cohabitation requires more than occasional sexual activity; there must be a more permanent relationship manifested by such things as the sharing of a dwelling, ceasing to date other members of the opposite sex, and the sharing of expenses. Hicksv. Hicks, 405 So.2d 31 (Ala.Civ.App. 1981), and cases cited therein. There is evidence in this case indicating the presence of each of these factors over a period of several months.
The cumulative evidence, reasonably supports the judgment of the trial court. We find no abuse of discretion, and affirm the court's judgment.
The wife's request for an attorney's fee on appeal is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.