Jack C. SCOTT, Plaintiff-Appellant,

v.

BOARD OF TRUSTEES OF the MOBILE STEAMSHIP ASSOCIATION–INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION, WELFARE AND VACATIONS PLANS, Defendants-Appellees,

Aetna Life Insurance Company, Defendants.

No. 86–7398.

United States Court of Appeals, Eleventh Circuit.

April 27, 1987.

Donald A. Friedlander and Ann E. Taylor, Legal Services Corp. of Alabama, Mobile, Ala. for plaintiff-appellant.

Robert J. Mullican, Armbrecht, Jackson, Demouy, Crowe, Holmes & Reeves, Edward A. Dean and William B. Harvey, Mobile, Ala., for Bd. of Trustees.

Merceria Ludgood, Figures, Ludgood & Figures, Michael A. Figures, Mobile, Ala., for Mobile S.S. Association-International Longshoremen's Ass'n.

Before HATCHETT and ANDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF ALABAMA PURSUANT TO RULE 18 OF THE ALABAMA RULES OF APPELLATE PROCEDURE TO THE SUPREME COURT OF ALABAMA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Eleventh Circuit that the above matter involves questions or propositions of law of the State of Alabama which may be determinative of the cause, and there appears to be no clear, controlling precedent in the decisions of the Supreme Court of Alabama. The United States Court of Appeals for the Eleventh Circuit therefore certifies the following questions of law of the State of Alabama to the Supreme Court of Alabama for instructions

concerning such questions of law, based on the facts recited here.

## I. STYLE OF THE CASE

The style of the case in which the certification is made is *Jack C. Scott and Louise R. Scott v. Mobile Steamship Association-International Longshoremen's Association Welfare Plan*, No. 86-7398, United States Court of Appeals for the Eleventh Circuit, on appeal from the United States District Court for the Southern District of Alabama.

## II. STATEMENT OF THE FACTS

Jack C. Scott was a longshoreman at the Port of Mobile, Alabama. As such, he participated in the Mobile Steamship Association-International Longshoremen's Association Welfare Plan which is underwritten by Aetna Life Insurance Company. Scott was injured while on the job in 1974 and he has not worked since that time. His injury, however, is not the subject of this controversy. Rather, this suit concerns a claim for $28,438.24 in medical bills incurred in 1983 by Louise R. Scott, Jack Scott's alleged common law wife. The Scotts were denied recovery for this expense under the MSA-ILA health insurance plan on the basis that the plan, as amended, excludes coverage for dependent spouses who have not had their marriages solemnized by a ceremony. This suit stems from that denial of benefits.

For the purposes of this question it may be assumed that the Scotts were in fact married in the eyes of the common law. Prior to 1980, the year in which the insurance plan was amended, Louise Scott had received benefits under the plan as Jack Scott's dependent spouse. In 1980, the provisions of the group health insurance policy provided by MSA-ILA through Aetna were modified to limit coverage only to those spouses whose marriages had been solemnized by ceremony. Mrs. Scott incurred the expenses at issue for medical treatment rendered in 1983.

At trial, the Scotts contended that the insurance contract, as amended, violates the public policy of the State of Alabama in distinguishing between those marriages solemnized by ceremony and those which are recognized under the common law. The plaintiffs cite *Piel v. Brown*, 361 So.2d 90 (Ala.1978), and *Beggs v. State*, 55 Ala. 108 (1876), in support of the proposition that such a distinction is against the state's public policy. These cases recognize the parity of the two types of matrimony. The defendants, on the other hand, argue that Alabama's mere recognition of common law marriages does not rise to the level of a public policy concern so as to invalidate private contractual agreements distinguishing between these types of wedlock.

The parties do not disagree on the principle that if this aspect of the contract violates the public policy of the State of Alabama, this provision would be ineffective.

## III. QUESTION TO BE CERTIFIED

Are contractual provisions distinguishing between common law and ceremonially solemnized marriages which deny common law marriages the same status as ceremonial solemnized ones void as violative of the public policy of the State of Alabama?

The phrasing employed in the above certified question is intended as a guide and is not meant to restrict the Alabama Supreme Court's consideration of the issues in its analysis of the record certified in this case. This extends to the Supreme Court's restatement of the issue and the manner in which the answer is given. *See Martinez v. Rodriquez*, 394 F.2d 156, 159 n. 6. (5th Cir.1968).

The clerk of this court is directed to transmit this certificate, as well as the briefs and record filed with the court, to the Supreme Court of Alabama and simultaneously to transmit copies of the certificate to the attorneys for the parties.

QUESTIONS CERTIFIED.