The Castleberrys were divorced in 1986. The divorce decree required Mr. Castleberry to pay $200 per month in periodic alimony. In 1988 Mr. Castleberry filed a petition to modify the decree, averring that Mrs. Castleberry was living openly or cohabiting *Page 517 
with another man and requesting that her alimony payments be terminated pursuant to § 30-2-55, Ala. Code 1975. Following an ore tenus proceeding, the trial court denied the motion. Mr. Castleberry appeals.
Section 30-2-55 provides, in pertinent part, the following:
 "Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabitating with a member of the opposite sex."
The sole issue presented for our consideration is whether the evidence supports the trial court's determination that Mrs. Castleberry was not cohabiting or living with another man within the meaning of § 30-2-55.
Whether a former spouse is living openly or cohabiting with a member of the opposite sex is a factual determination for the trial court. Capper v. Capper, 451 So.2d 359 (Ala.Civ.App. 1984). This court will reverse the trial court's determination only if, after considering all the evidence and reasonable inferences drawn therefrom, we conclude that such determination is plainly and palpably wrong. Capper, supra.
"Cohabitation has been defined as some permanency of relationship coupled with more than occasional sexual activity between the cohabitants." Tucker v. Tucker, 416 So.2d 1053
(Ala.Civ.App. 1982). Factors which indicate a permanency of relationship include sharing a dwelling with a member of the opposite sex, ceasing to date other members of the opposite sex, payment of the former spouse's debts by the alleged cohabitant, and purchase of clothes for the former spouse by the alleged cohabitant. Hicks v. Hicks, 405 So.2d 31
(Ala.Civ.App. 1981). Factors indicating a permanency of relationship are not present in this case.
The evidence shows that Mrs. Castleberry is a waitress and occasionally works late hours. On the nights that she works late, she often spends the night at Betty and Sam Cornett's home. Sam is the alleged cohabitant, and Betty is his mother. Mrs. Castleberry testified that she did not keep clothes or personal effects at the Cornetts' home. She stated that she did not sleep with Sam and she denied being romantically involved with him. There was no evidence that the parties provided financial or material support for each other.
Mr. Castleberry presented evidence that a friend of his observed Mrs. Castleberry's car parked outside the Cornetts' home on seven consecutive mornings. An investigator, hired by Mr. Castleberry, testified that Mrs. Castleberry told her that she and Sam had been "married by her attorney in his office." She also testified that she saw female articles of clothing in a closet and female toiletries in the bathroom at the Cornett home. Mrs. Castleberry denied telling the investigator that she and Sam were married.
Considering the facts and circumstances of this case, we cannot say that the trial court's determination in refusing to terminate alimony under § 30-2-55 was plainly and palpably wrong. The judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 518