ROBERTSON, Judge.
This case involves post-divorce proceedings.
The parties were divorced in April 1988. The divorce decree provided, inter alia, that the husband would pay monthly periodic *1244 alimony payments to the wife. In February 1989, the wife petitioned to have the husband held in contempt for failure to pay alimony. The husband petitioned to modify the decree by terminating his obligation to pay periodic alimony, alleging that the wife was cohabiting with a member of the opposite sex. After an ore tenus proceeding, the trial court found that the husband had failed to meet the burden of proving cohabitation and denied his petition to modify. The husband’s post-trial motions were denied and he appealed.
On appeal, the husband raises one issue: Did the trial court err in refusing to terminate the wife’s periodic alimony, pursuant to § 30-2-55, Ala.Code 1975?
The husband contends that the wife has been cohabiting with Harold Mashburn and that pursuant to § 30-2-55, Ala.Code 1975, she has lost her rights to alimony. That section provides for the termination of periodic alimony upon proof that the receiving spouse is “living openly or cohabiting with a member of the opposite sex.”
Our standard of review in this case is very limited. When the trial court bases its judgment, as here, on ore tenus evidence, a presumption of correctness attaches to the judgment. We will affirm the judgment when it is supported by competent evidence unless it is shown to be palpably wrong. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988).
In reviewing cases involving allegations of cohabitation, we have determined that the burden of proof lies with the petitioner and requires proving more than an occasional indiscretion. Hicks v. Hicks, 405 So.2d 31 (Ala.Civ.App.1981). There must be proof of permanency of the relationship, as well as evidence of more than occasional sexual conduct between the parties. McCluskey v. McCluskey, 528 So.2d 328 (Ala.Civ.App.1988). There exists a multitude of Alabama cases specifying some of the factors the trial court may consider when making the factual determination of whether the parties are cohabiting. See generally, Hicks, supra; Taylor v. Taylor, 550 So.2d 996 (Ala.Civ.App.1989); Penn v. Penn, 437 So.2d 1053 (Ala. Civ.App. 1983); Richardson v. Hunte, 435 So.2d 1315 (Ala.Civ.App.1983); Blackwell v. Blackwell, 383 So.2d 196 (Ala.Civ.App.1980); Parish v. Parish, 374 So.2d 348 (Ala.Civ.App.1979); and Atkinson v. Atkinson, 372 So.2d 1106 (Ala.Civ.App.1979).
The husband presented evidence that the wife and Mashburn maintained a close relationship, which included periodic overnight visits by Mashburn in the wife’s home, having meals together frequently, and seeing each other socially several times each week.
The wife offered evidence that she and Mashburn do not consider themselves married to each other or living together, and that they have no plans for a permanent relationship. She presented evidence showing that Mashburn maintains his own separate residence where he receives his mail and keeps his personal items, which he considers to be his home. She presented evidence that Mashburn has no clothing or toiletries in her home and has no plans to move in with her.
After considering all of the evidence, including testimony and observing the witnesses, the trial court determined that there was no cohabitation and that the relationship “has not exhibited those trappings of permanency as required to amount to cohabitation.” Our review of the record reveals ample testimony supporting the trial court’s determination. We find no abuse of discretion and no error. Accordingly, we affirm the judgment of the trial court.
The wife’s request for an attorney’s fee in this appeal is denied.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.