RUSSELL, Judge.
The parties were divorced on February 10, 1989, based on an irretrievable breakdown of the marriage. Among other things, the husband was ordered to pay $200 per month as alimony, which he paid until December 1989. On April 24, 1990, the wife filed a motion for a rule nisi, alleging failure of the husband to pay alimony and $900 in arrearage. The husband answered the wife’s motion and filed a motion to terminate alimony, alleging alimony termination based on the wife’s cohabitation with a member of the opposite sex. After an ore tenus proceeding, on June 25, 1990, the trial court entered an order holding the husband in contempt and awarding the wife a judgment of $1,300 for the arrearage and awarding her attorney $200 as a reasonable fee.
The husband’s motion to reconsider was denied, and he appeals. We affirm.
The sole issue on appeal is whether the court erred in failing to terminate the alimony of the husband because of the wife’s alleged cohabitation with a member of the opposite sex.
At the outset we note that our standard of review is very limited in cases where the evidence is presented to the court ore tenus. Where the evidence is presented ore tenus, the judgment of the trial court is presumed correct on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. Coby v. Coby, 489 So.2d 597 (Ala.Civ.App.1986). Whether cohabitation exists is a factual determination for the trial judge, and this court will not reverse such a determination unless, after considering all the evidence and reasonable inferences therefrom, we conclude that it is not supported by the evidence. Capper v. Capper, 451 So.2d 359 (Ala.Civ.App.1984).
This court pretermits as unnecessary a detailed summary of the evidence. However, we do note that the wife is sixty-five years old, and she testified that she lives in a four-bedroom house; that her only income other than her alimony is a monthly Social Security payment of $280; that the alleged cohabitant performed work inside and outside the house in exchange for living quarters with another male, both of whom slept in the south end of the house, and she slept in the north end; and that she never had an affair or relationship with either man. There was no rebuttal of her testimony. Her son testified that he had seen the alleged cohabitant working on the house arid that there was another man staying there at the same time and that he had no evidence of her having an affair with anyone. The husband, responding to a question, “Do you have personal knowledge of the man living at her house?” *651 stated, “It’s just hearsay. I can’t say.” He otherwise testified that he had seen the wife and a man riding around during daylight hours a “couple of dozen times.”
Suffice it to say that, after a review of the record, and in view of our standard of review, we cannot say that the trial court’s order was plainly and palpably wrong, and we find sufficient evidence in the record to support the trial court’s judgment.
The wife’s request for attorney fees on appeal is granted in the amount of $200.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.