Johnny Mack Roe (husband) and Jean Roe (wife) were divorced on February 22, *Page 381 
1984. In the final judgment of divorce, the court provided that the wife would receive $450 a month in periodic alimony until her remarriage or until the death of either party.
Approximately eight years after the trial court entered the final judgment of divorce, the wife filed a petition for rule nisi. In this petition, the wife alleged that the husband had failed and refused to pay periodic alimony as ordered by the court. Later, the wife filed an amended petition for rule nisi, alleging that the husband had also violated the final judgment by not maintaining a whole life insurance policy.
The husband responded by asserting that the wife maintained an open and notorious cohabitation with William R. Hale, Sr., and that such open and notorious cohabitation constituted a remarriage on the part of the wife as set forth in § 30-2-55, Code 1975. Shortly thereafter, the husband filed a petition to modify the final judgment of divorce. In this petition, the husband alleged that the wife should have her periodic alimony terminated because of this open and notorious cohabitation.
Following an ore tenus proceeding on the wife's petition for rule nisi, as amended, and the husband's answer and cross-petition to modify, the trial court found that the husband had failed to pay the court ordered periodic alimony and rendered judgment in favor of the wife for the arrearage in the amount of $1,350. The court denied all other requests for relief by both parties. The husband then filed a motion for a new trial, which the trial court subsequently denied. The husband appeals.
The sole issue the husband raises on appeal is whether the trial court erred in denying his petition for modification.
The husband contends that the relationship between the wife and Mr. Hale was within the scope of the term "cohabitation" as contained in § 30-2-55, Code 1975, and that he was entitled to have the alimony payments terminated. This section provides in part:
 "Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabitating with a member of the opposite sex."
This court set forth the standard of review applicable to this case in Wiggins v. Wiggins, 579 So.2d 649
(Ala.Civ.App. 1991). In Wiggins, this court held:
 "Where the evidence is presented ore tenus, the judgment of the trial court is presumed correct on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. Whether cohabitation exists is a factual determination for the trial judge, and this court will not reverse such a determination unless, after considering all the evidence and reasonable inferences therefrom, we conclude that it is not supported by the evidence."
Wiggins at 650 (citations omitted).
In Castleberry v. Castleberry, 549 So.2d 516, 517
(Ala.Civ.App. 1989), this court defined "cohabitation" as encompassing the following two factors, "some permanency of relationship coupled with more than occasional sexual activity between the cohabitants." (Citations omitted.) In discussing the first part of this two-part standard, this court held in Taylor v. Taylor,550 So.2d 996, 997 (Ala.Civ.App. 1989), that "[f]actors which suggest 'some permanency of relationship' include evidence that the wife and the alleged cohabitant occupied the same dwelling and shared household expenses." (Citation omitted.)
In this case, there was evidence presented at trial that Mr. Hale lived in the same apartment as the wife from October 1989 until April 1991. Mr. Hale was a 75-year-old man who had difficulties with his health as the result of two previous open-heart surgeries and current respiratory problems. The wife assisted Mr. Hale by providing him transportation to and from the doctor's office and taking care of all housekeeping duties, such as preparing all of the meals. While the wife and Mr. Hale lived in the same apartment, the wife paid for *Page 382 
the utilities, the cable, and the groceries, and Mr. Hale paid the rent. This alone is not sufficient to terminate the wife's periodic alimony.
In order to terminate a spouse's periodic alimony, this court in Castleberry required "some permanency of relationship coupled with more than occasional sexual activity between the cohabitants." The record in this case reveals that the wife and Mr. Hale never engaged in sexual activity prior to, during, or after the time that they lived together. After a review of the record, with the attendant legal presumptions, we cannot find that the trial court's judgment is so unsupported by the evidence as to be plainly and palpably wrong.
The wife's request for an attorney's fee on appeal is granted in the amount of $500.
The trial court's judgment is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.