The parties were divorced in August 1991. In January 1993 the husband filed a petition to modify the divorce judgment. He alleged that the wife was cohabiting with a member of the opposite sex, and he requested that the trial court terminate his obligation to pay periodic alimony. Additionally, he requested that the court order the wife to reimburse him for any alimony paid during the alleged cohabitation and to pay his attorney fees. The wife answered and filed a motion for contempt against the husband. She alleged that the husband had failed to pay alimony as ordered and also requested attorney fees.
After oral proceedings, the court determined that the husband had not sufficiently proved cohabitation to warrant modification. The wife was awarded a judgment against the husband in the amount of $21,250 for past-due alimony payments. The court declined to find the husband in contempt, however, because it determined that the evidence was sufficient for the husband to conclude that cohabitation was occurring and thereby to cease periodic alimony payments. The court ordered the husband to pay $2,000 toward the wife's attorney fees. The husband appeals.
The husband contends that the court erred in ordering him to pay attorney fees without a finding that he was in contempt of court. The husband also contends that the trial court abused its discretion in denying his petition for modification.
Our supreme court has held that attorney fees are recoverable in civil contempt proceedings and may be awarded in the sound discretion of the trial court. Moody v. State ex rel. Payne,355 So.2d 1116 (Ala. 1978). Additionally, § 30-2-54, Code 1975, provides for the award of attorney fees "[i]n all actions for divorce or for the recovery of alimony, maintenance or support in which . . . a contempt of court citation has been made by the court against either party. . . ."
Periodic alimony, like child support, is always subject to modification. Bell v. Bell, 443 So.2d 1258
(Ala.Civ.App. 1983). Because the modification proceeding is merely an extension of the original divorce action, attorney fees are ordinarily available. Bell. Before an award can be made, however, either a request for fees must be made or the issue must be tried by the express or implied consent of the parties.Kelley v. Kelley, 414 So.2d 126 (Ala.Civ.App. 1982).
In this case the fees awarded were incidental to a modification proceeding. Each party made a request for attorney fees and submitted a statement of account to the court regarding those fees. The wife was properly awarded attorney fees for defending against the husband's modification petition. Such an award is discretionary with the court and will not be set aside absent an abuse of that discretion. Blankenship v.Sparkman, 497 So.2d 501 (Ala.Civ.App. 1986). We find no abuse in the award.
The husband cites § 30-2-55, Code 1975, in support of his argument that the periodic *Page 1377 
alimony provision of the divorce judgment should have been modified.
Pursuant to § 30-2-55, the trial court may terminate periodic alimony upon petition and proof that the recipient spouse is "living openly or cohabiting with a member of the opposite sex." "Cohabitation has been defined as some permanency of relationship coupled with more than occasional sexual activity between the cohabitants." Tucker v. Tucker, 416 So.2d 1053,1055 (Ala.Civ.App. 1982); see Castleberry v. Castleberry,549 So.2d 516, 517 (Ala.Civ.App. 1989), and Roe v. Roe,611 So.2d 380, 381 (Ala.Civ.App. 1992). Factors suggesting permanency of relationship include occupation of the same dwelling and the sharing of household expenses. Kennedy v. Kennedy,598 So.2d 985 (Ala.Civ.App. 1992). Whether cohabitation is established is a question of fact to be determined by the court. We will uphold the determination unless, based upon all of the evidence and reasonable inferences, the determination is plainly and palpably wrong. Kennedy.
In this case, the court determined that "[a]ll of the evidence as to the relationship between the [wife] and [the alleged cohabitant] gave the Court a brief snapshot of a three-year romantic friendship between them but did not meet the burden of proof sufficient to establish cohabitation as a matter of law." After a thorough review of the record, we are unable to say otherwise.
The wife's request for an attorney's fee on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.
THIGPEN, J., recused.