L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in October 1992. The judgment of divorce required the husband to pay $400 per month as periodic alimony. In May 1993 the husband filed a motion to terminate alimony, alleging that the wife was openly cohabiting with a man. The wife filed a counterclaim, requesting an increase in alimony due to changed circumstances. The husband subsequently filed a motion for instanter custody of the parties’ minor daughter. The wife filed a motion for *993 rule nisi, alleging that the husband was in arrears in his periodic alimony payments.
Following a hearing on all pending motions, the trial court, among other things, terminated the wife’s periodic alimony and awarded the husband $750 in attorney fees. The wife appeals.
The wife asserts that the trial court erred in terminating her alimony payments. She insists that the evidence fails to support the trial court’s determination that she was cohabiting within the meaning of § 30-2-55, Code 1975.
Section 30-2-55 authorizes the court to terminate alimony upon petition and proof that the spouse receiving alimony is “living openly or cohabiting with a member of the opposite sex.” Cohabitation requires more than occasional sexual activity; there must be a more permanent relationship manifested by such things as the sharing of a dwelling, ceasing to date other members of the opposite sex, and the sharing of expenses. Richardson v. Hunte, 435 So.2d 1315 (Ala.Civ.App.1983).
Whether a former spouse is living openly or cohabiting with a member of the opposite sex is a factual determination for the trial court. Castleberry v. Castleberry, 549 So.2d 516 (Ala.Civ.App.1989). This court will reverse the trial court’s determination only if, after considering all the evidence and reasonable inferences drawn therefrom, we conclude that such determination is plainly and palpably wrong. Castleberry.
The wife’s daughters testified that their mother was living with a man, that his clothes and toiletries were located at her house, that they were “always together,” that they spent practically every night together, and that he ate his meals at her house and drove her car. The wife admitted that she had a sexual relationship with the cohabitant and that they had discussed marriage. At the time of the hearing they had been looking for property upon which to build a house together. The wife was not romantically involved with anyone else.
The evidence supports the judgment of the trial court. We find no abuse of discretion.
The wife asserts that the trial court erred in ordering her to pay attorney fees without a finding that she was in contempt of court.
In this case the fees awarded were incidental to a modification proceeding. Attorney fees are ordinarily available under such circumstances. Ayers v. Ayers, 643 So.2d 1375 (Ala.Civ.App.1994). Such an award is discretionary with the court and will not be set aside absent an abuse of that discretion. Ayers. We find no abuse in the award.
The wife contends that the trial court erred in failing to find the husband in contempt for deliberately refusing to pay alimony. Whether a party is in contempt is peculiarly a matter within the discretion of the court. Lundy v. Lundy, 586 So.2d 949 (Ala.Civ.App.1991). We find no abuse of that discretion.
The judgment of the trial court is affirmed.
The husband’s request for attorney fees on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.