YATES, Judge.
The parties were divorced in April 1983; the husband was ordered to pay periodic alimony and child support. In November 1991, the wife petitioned for a rule nisi, alleging that the husband had failed to comply with the divorce judgment, and asked for a modification to increase the award of periodic alimony. The husband answered and cross-petitioned, seeking to modify the divorce judgment “so as to eliminate ... any requirement ... that [he] pay or provide for post-graduate expenses or any other expenses” of the parties’ child. The husband later amended his cross-petition, to ask also that the court terminate his obligation to pay periodic alimony, because, he said, the wife was “living openly or cohabiting with a member of the opposite sex.”
The parties executed a settlement agreement, which the court incorporated in its “Partial Final Judgment,” noting that the parties had reached a settlement of all matters of dispute, except those relating to the husband’s petition seeking to terminate his obligation to pay periodic alimony. The court set a hearing on October 15, 1993.
After oral proceedings, the trial court denied the husband’s petition. The husband appeals on the issue of “whether the relevant law was correctly applied to the undisputed facts as to cohabitation.” He alleges that the wife had been cohabiting with Michael Riddle for approximately 10 years and that she had, therefore, lost her right to periodic alimony. In support of his argument, the husband cites Ala.Code 1975, § 30-2-55, which provides that a trial court may terminate periodic alimony upon petition and proof that the recipient spouse is “living openly or cohabiting with a member of the opposite sex.” We note that the burden of proof lies with the petitioner. Hicks v. Hicks, 405 So.2d 31 (Ala.Civ.App.1981).
Whether cohabitation is established is a question of fact to be determined by the trial judge, and this court will uphold the trial judge’s determination unless, after considering all of the evidence and reasonable inferences, we conclude that the trial court’s judgment is not supported by the evidence. Wiggins v. Wiggins, 579 So.2d 649 (Ala.Civ. App.1991).
“Cohabitation has been defined as some permanency of relationship coupled with more than occasional sexual activity between the cohabitants.” Tucker v. Tucker, 416 So.2d 1053, 1055 (Ala.Civ.App.1982). Factors suggesting “permanency of relationship” include occupation of the same dwelling and *462 the sharing of household expenses. Kennedy v. Kennedy, 598 So.2d 985 (Ala.Civ.App. 1992).
The husband presented evidence that the former wife and Riddle had maintained a close relationship, having dated each other for 10 years and having been engaged for the last 3 years, without setting a wedding date; that they see each other at least one night every weekend and occasionally during the week; and that they have travelled together.
The wife testified that she and Riddle had been involved in a sexual relationship for 10 years. However, she stated that both she and Riddle maintain their own separate residences, where each receives his or her mail. Riddle has no clothing or toiletries in her home, nor she in his. Neither has a key to the other’s home. She further testified that neither does chores in the other’s residence. They have never borrowed money from each other to pay debts. Further, the wife testified that she had spent only one night at Riddle’s residence and that that was after he had been involved in an accident. Both she and Riddle testified that they do plan to marry after their children have graduated from college, but that no date had been set.
The trial court, after considering all of the evidence, determined that there was no cohabitation. The judgment is supported by the evidence. The wife’s request for an attorney fee on appeal is granted in the amount of $500.
AFFIRMED
ROBERTSON, P.J., and THIGPEN, J., concur.