McMILLAN, Judge.
The State appeals from the trial court’s dismissal of an indictment charging Thomas Glen Fulghum with bigamy. The grounds set forth by the trial court for the dismissal are as follows:
“The statute of limitations § 15-3-1 bars the prosecution of Defendant for the offense of bigamy, § 13A-13-1, Code of Alabama 1975.”
Section 13A-13-1(a), Code of Alabama 1975, provides:
“A person commits bigamy when he intentionally contracts or purports to contract a marriage with another person when he has a living spouse. A person who contracts a marriage outside this state, which would be bigamous if contracted in this state, commits bigamy by cohabiting in the state with the other party to such a marriage.”
Section 15-3-1, Code of Alabama 1975, provides:
“The prosecution of all felonies, except those specified in Sections 15-3-3 and 15-3-5, must be commenced within three years after the commission of the offense.”
On July 21, 1995, the State, in its indictment, charged that Thomas Glen Fulghum “having a living spouse, to wit: Bernadette Seprish, did intentionally contract or purport to contract a marriage with another person, to wit: Nancy Wudtke, in violation of § 13A-13-1, Code of Alabama 1975.” On September 4, 1996, a week before the trial date, the district attorney and defense counsel entered into the following written joint stipulation of facts:
“Comes now Richard L. Chancey, Attorney for Defendant, and Greg Waldrep, Assistant District Attorney for Russell County, Alabama, and submit the following facts to which the parties have agreed to stipulate for the purpose of the Court ruling on the Defendant’s motion to dismiss which is now pending before the Court.
“On March 28, 1991, the defendant Thomas Fulghum, and Nancy Wudtke were married by the Probate Judge in Russell County, Alabama. Neither Fulg-hum nor Wudtke were residents of Alabama and were only passing through Alabama for several hours on their way to Florida where they planned to reside. They were in The State of Alabama after the marriage for a matter of hours at most. They then left the State of Alabama and returned to the State of Florida where they resided together as man and wife until February of 1994 which is when Wudtke discovered that Fulghum had a living spouse. According to Wudtke the parties did return to the State of Alabama while traveling through the State on July 4, 1992. They were in Alabama again at most for a matter of hours. Fulghum has no recollection of this trip. At no time prior to or subsequent to the marriage did the parties live together as man and wife in the State of Alabama.,
“No warrant was issued for this offense as it was presented directly to the Russell County Grand Jury in the Summer, 1995, with an indictment being issued on July 21, 1995.' This would be more than three years from the last possible date that the two parties would have had contact together with the State of Alabama.”
On September 24, 1996, the trial court issued the following order dismissing the indictment:
“Defendant filed a motion to dismiss this case on the ground that § 15-3-1, Code of Alabama 1975 applies to prevent prosecution in this case. Defendant cites the case of Cox v. State, 117 Ala. 103, 23 So. 806 (1898) as authority for the motion. Cox interprets the statute of limitations to require a prosecution for adultery to commence within three years from the date of the second marriage on the date that the man and woman last cohabitated as husband and wife in Alabama. According to the stipulation of facts the marriage ceremony between Defendant and the Victim occurred on March 28, 1991. The indictment in the present case was returned on *982 July 21, 1995. Traveling through Alabama for a matter of hours on July 4,1992, is not ‘cohabitation’ under Alabama law. Cox, supra, and Roe v. Roe, 611 So.2d 380 (Ala.Civ.App.1992).
“A long-standing rule in Alabama is that the circuit court must follow the decision of the appellate courts. See, e.g., Brewer v. State, 23 Ala.App. 116, 121 So. 689 (1929). The statute of limitations is a jurisdictional matter. Hines v. State, 516 So.2d 937 (Ala.Cr.App.1987). The State has not been able to find a case distinguishing Cox and allowing prosecution in this case. The Court is required to grant Defendant’s motion to dismiss.”
The State argues that the trial court’s dismissal should be reversed because it was based on a. faulty premise, i.e., that the statute of limitations périod began to run on the date of Fulghum’s second marriage, March 28, 1991. In support of its argument, the State contends that Fulgham’s entering into a second marriage while having a living spouse constituted a “continuing offense” that would thereby bring the offense within the statute of limitations. The State contends that this second marriage constituted a continuing fraudulent misrepresentation because, it says, Fulghum held himself out to the community as being lawfully married to Wudtke until February 1994 when she discovered that he had a living spouse. Therefore, argues the State, the limitations period began to run some time in February 1994 “with the cessation of the bigamy.” ■ (State’s brief at p. 5.)
The State takes issue with the trial court’s reliance on Cox v. State, 117 Ala. 103, 23 So. 806 (1898). In Cox, the defendant had a living spouse, and married another woman and lived with her in Jackson County, Alabama. Théy subsequently moved to Tennessee for a périod of six to seven years. Cox was later indicted in Jackson County for bigamy. The facts indicate that Cox and his second wife returned to' Jackson County approximately five weeks before the indictment and “lived together as man and wife under the same roof, occupied the same bed, acknowledging each other as husband and wife, and in all respects so conducted themselves in the presence of the community.” Cox v. State, supra, 23 So. at 806. In affirming Cox’s bigamy conviction, the Alabama Supreme Court stated that although the statute of limitations would have barred prosecution for the original cohabitation in Alabama, Cox and his second wife returned to Alabama several weeks before the indictment and co-habitated as man and wife.. Thus, Cox had committed a new offense of bigamy.
Under the facts of the instant case, however, we are not presented with a situation of separate periods of cohabitation in determining when the statute of limitations for the charge of bigamy began to run. In Beggs v. State, 55 Ala. 108 (1876), the Alabama Supreme Court addressed the following bigamy statute:
“ ‘If any person having a former husband or wife living marries another, or continues to cohabit with such second husband or wife in this state, he or she must, on conviction, be imprisoned in the penitentiary for not less than two, nor more than five years.’ ”
55 Ala. at 110. In so construing the statute, the Court determined:
“When this statute is read in connection with the common law existing at the time of its enactment, it is apparent two offenses are thereby created; or, rather, the common-law offense of bigamy is declared, and the punishment which must follow conviction defined, and a statutory offense, the continuance of cohabitation under the vicious marriage, making bigamy, punishable as the latter offense, is created. The offense of bigamy remains, indictable and punishable at the place of its commission. If the second marriage was in this state, the county of its commission is the only place in which an indictment for the offense will lie.”
In making that determination, the Beggs Court stated:
“Under the statute, as at common law, the offense of bigamy consists in the wilful contracting of a second marriage, knowing the former marriage to be subsisting. Cohabitation, consequent on the marriage, is not an ingredient of the offense. It is complete, when the second marriage, if *983 valid, would be complete according to the law of the place in which it is formed.... Public morals are violated, public policy is offended, and an illegal contract is made, when the rites are solemnized according to the forms of law. Then, if the prior marriage did not avoid, the relation of husband and wife would be formed, and all its incidents would attach. It is the vicious contract — the violation of morals and policy— the law denounces and punishes.”
55 Ala. at 109.
Just as the Court in Cox held that the statute of limitations barred a prosecution for cohabitation, based on the language in Beggs v. State, the same procedural bar applies to those who contract a second marriage in this State, where they were already a party to a valid pre-existing marriage, regardless of where they choose to eohabitate. Here, because the marriage contract was entered into more than three years before the indictment was obtained, the trial court’s dismissal of the indictment was proper.
The judgment of the trial court is affirmed.
AFFIRMED.
All judges concur.