THOMAS, Judge,
concurring in the result.
I concur in the result of the main opinion because of the language used by our legislature in Ala.Code 1975, § 30-2-55. That statute requires the termination of periodic alimony upon petition and proof that a former spouse has either remarried or is living openly or cohabiting with a member of the opposite sex. Although the courts have construed the intention behind the enactment of § 30-2-55 to be to require termination of alimony in those situations in which a former spouse’s postmar-ital relationship rises above “the occasional brief sojourn” but might not be considered to amount to a common-law marriage, Parish v. Parish, 374 So.2d 348, 349 (Ala.Civ.App.1979), the focus of the inquiry into cohabitation has always been on the proof of “ ‘some permanency of relationship coupled with more than occasional sexual activity between cohabitants.’ ” Roe v. Roe, 611 So.2d 380, 381 (Ala.Civ.App.1992) (quoting Castleberry v. Castleberry, 549 So.2d 516, 517 (Ala.Civ.App.1989)). The factors that have been used to prove “some permanency of relationship” have historically included sharing the same dwelling and sharing household expenses. Roe, 611 So.2d at 381 (quoting Taylor v. Taylor, 550 So.2d 996, 997 (Ala.Civ.App.1989)).
However, despite the public-policy reasons that support the former husband’s request that we consider the language of § 30-2-55 expansively, the clear language of the statute is not susceptible of any other interpretation than the interpretation we give it. As an appellate court, we are charged with the duty of applying the statute as it is written. Ivey v. State, 821 So.2d 937, 949 (Ala.2001), overruled on other grounds by Ex parte Seymour, 946 So.2d 536 (Ala.2006). We cannot enlarge the language of the statute without performing what is a legislative function and, thus, violating the separation-of-powers doctrine. Id.
As Judge Pittman points out in his opinion concurring in the result, until the enactment of § 30-2-55, a trial court could consider a former spouse’s remarriage or cohabitation with a member of the opposite sex when determining whether to modify or terminate an alimony obligation, but neither remarriage nor cohabitation required termination of the obligation to pay alimony. Paulk v. Paulk, 57 Ala.App. 721, 725, 331 So.2d 730, 734 (Civ.App.1976); O’Dell v. O’Dell, 57 Ala.App. 185, 188, 326 So.2d 747, 750 (Civ.App.1976). Instead of seeking an automatic termination of an alimony obligation, the payor former spouse was free to present evidence indicating that the payee former spouse’s remarriage or cohabitation impacted the payee former spouse’s financial circumstances such that a modification or termination of the alimony obligation was warranted. See Paulk, 57 Ala.App. at 726, 331 So.2d at 734-35 (holding that the former wife no longer required payment from the former husband for her support and reversing the award of alimony to the former wife). In the present case, the trial court indicated its awareness of its ability to terminate or modify alimony based on changed financial circumstances; the former husband, however, failed to demonstrate and argue both at trial and on ap *393 peal the impact of any changes in the financial circumstances of the parties.